## FEIBER *v.* MANHATTAN DIST. TEL. CO.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

NEW TRIAL—FAILURE TO OFFER PROOF.

The trial justice stated that in his view a certain question of law was controlling in the case. Plaintiff, confident of success on the point of law, failed to offer proof of the damages sustained, and the case was decided against him. *Held,* that a new trial was properly refused.

Motion for reargument. For former report, see 3 N. Y. Supp. 116.

*C. L. Cohn,* for appellant.     *Vanderpoel, Cuming & Goodwin,* for respondent.

PER CURIAM. The brief of the defendant, used on the first argument of the appeal, disposes of the suggestion that the question of damages was not before the court. Even if the plaintiff were misled by the statement of Justice STECKLER, that, in his view, the controlling question in the case was, is or is not the defendant a common carrier? we should not feel called on to reverse the judgment. Notwithstanding the expression of an opinion by the justice, it was in the power of the plaintiff to offer proof of the damages he had sustained, and, if he refrained from offering such proof because he thought that on the question of law he was almost certain to succeed, he has no right to ask that his error of judgment shall entail the consequences of a second trial upon the defendant. We are satisfied that the judgment of affirmance is correct. The plaintiff has his action against Duckworth, and he is the party with whom the matters in controversy ought to be litigated By suing the defendant, the plaintiff may evade the real merits of the controversy, and escape the trial of the question, did the clothes fit Duckworth reasonably well or not? The plaintiff is now attempting to make the defendant liable to pay for the clothes, even though they were utterly unfit to be worn, and though Duckworth had a lawful right to refuse to accept them; and this, because a helpless boy did not force Duckworth to pay for the clothes that were returned on the ground they did not fit. The motion for a reargument is denied, with costs.