### DILLINGHAM *v.* FLACK *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

NEW TRIAL—SURPRISE—MISTAKE OF COUNSEL.

    A verdict was directed for defendant, on plaintiff's evidence, and plaintiff moved for a new trial on the grounds of surprise and of newly-discovered evidence, in that the action was decided on a point not set up as a defense by the answer, and that, relying on the defense interposed, plaintiff failed to examine witnesses whose testimony would have led to a different result. *Held,* that the grounds were insufficient.

Appeal from special term, New York county.

Action of replevin by Ezra C. Dillingham against James A. Flack, sheriff of the city and county of New York, and Hugo Meyer. Plaintiff appeals from an order denying a motion for a new trial, upon the grounds of surprise and newly-discovered evidence. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Peckham & Tyler,* (*E. W. Tyler,* of counsel,) for appellant. *Blumenstiel & Hirsch,* for respondent Meyer. *David Tim,* for respondent Flack.

O'BRIEN, J. The plaintiff brought an action of replevin against the defendants for the recovery of possession of certain personal property claimed by the plaintiff to belong to him, and which had been levied upon by the sheriff under an attachment issued at the instance of the defendant Meyer. The question at issue in the case was the validity of a certain bill of sale given by Christine S. Perine to the plaintiff on the 8th of July, 1889, covering the stock of merchandise in the business of Mrs. Perine, including likewise outstanding accounts, bills receivable, and the good-will pertaining to said business. Upon the trial, a verdict was directed upon the evidence of the plaintiff and his own witnesses, including that of his attorney, upon the ground that the giving of said bill of sale was one transaction with the giving of the deed of certain premises in Staten island, and the giving of certain other bills of sale, and the giving of certain mortgages by the said Christine S. Perine to the plaintiff, as trustee for plaintiff, and one Charles E. Rycroft and Sawyer & Manning, in liquidation, and Sawyer, Burt & Manning; and that the entire transaction was a scheme of Perine's to convey all her property in trust for creditors, which, not being in accordance with the law of this state as to the making of voluntary assignments for the benefit of creditors, was void. Plaintiff now claims to have been surprised at the direction of a verdict, and asserts that the point upon which the action was decided was not raised by the pleadings, and that plaintiff's counsel was led to believe that the defendant's defense was that the bill of sale was given without any substantial consideration, and was a fraudulent attempt to put the property out of said Perine's hands, so that the creditors could not get at it. Relying upon this supposed defense of defendants, plaintiff claims that he did not deem it necessary to examine certain witnesses in order to bring out certain facts upon the trial, which would have an important bearing on the construction of the evidence which was actually taken. In addition, plaintiff claims to have four witnesses, whose affidavits are used upon the motion, from which it is claimed that, if a new trial was had, plaintiff's testimony upon the former trial, as thus supplemented by these four witnesses, would necessarily lead to a different result. The counsel for the defendants, in answering, asserts that he stated on the trial that he intended to impeach the bill of sale as being in fraud of law and fraud in fact.

In the case there was one issue before the court, and that was the issue of title. It was simply a question whether the bill of sale under which plaintiff claimed was fraudulent and void as against a creditor, or valid, giving plaintiff title. The evidence and cross-examination of plaintiff's own witnesses bore upon that point, and no other. It will also be seen by the questions put by the court that the connection between the bill of sale and the other instruments, as bearing upon the validity of plaintiff's title, was brought to the attention of counsel. It is also to be noted that the alleged newly-discovered evidence is to be used upon the trial for the purpose of partially contradicting and explaining the testimony of plaintiff's own counsel. The latter does not complain of any misunderstanding, error, or surprise, nor does he support by affidavits the assertion of error made by his client. Upon the facts thus presented we do not think that the surprise or newly-discovered evidence alleged as the basis for a new trial are sufficient. The grounds upon which such motions will be granted have been frequently gone over. See *Grupe* v. *Brady*, 51 N. Y. Super. Ct. 513; *Raphaelsky* v. *Lynch*, 34 N. Y. Super. Ct. 31; *Emmerich* v. *Hefferan*, 53 N. Y. Super. Ct. 98–102; *Railroad Co.* v. *Sage*, 35 Hun. 95. In *Raphaelsky* v. *Lynch* it was said: "The following principles are settled in regard to granting new trials on the ground of newly-discovered evidence: The testimony upon which the motion is based must have been discovered since the former trial; it must have been such as could not have been obtained with reasonable care before; it must be material to the issue; it must go to the merits of the case, and not to impeach the character of former witnesses; it must not be cumulative. The facts must be strong, and the party averring them free from laches." It is not shown by the affidavits that the proposed evidence has been discovered since the last trial, because it is apparent that plaintiff was familiar with the knowledge that the four witnesses, whose evidence is now sought to be presented, had with regard to the transactions inquired into upon the former trial. The most that can be argued from the affidavits is that the counsel, in his own view of what the issues would be upon the trial, did not regard the testimony of such witnesses as either material or necessary.

It will thus be seen that in many respects the question here presented is similar to the one that was passed upon in *Emmerich* v. *Hefferan*, 53 N. Y. Super. Ct. 98. There the action was tried by plaintiff's attorney upon the theory that it was only necessary for him to prove, in order to entitle plaintiff to judgment, that certain conveyances were made without consideration, and were made at the time the indebtedness to the plaintiff was in existence, The judge before whom that case was tried held that that was not sufficient, and dismissed the complaint, for the reason that no fraudulent intent was proved. On the motion for a new trial, and upon appeal, the case of *Bank* v. *Kidder*, in 50 N. Y. Super. Ct. 250, was referred to and cited with approval. In that case it was held that "to grant a party a new trial, after such determination, in order to enable him to prove what, upon the first trial, he considered and treated as immaterial and irrelevant, though involved in the issues, would not be sanctioned by authority, but, on the contrary, would establish a dangerous precedent, for in every such case the party must be held bound by the course pursued by his counsel." If the rule were otherwise, all a defeated party would have to do in order to obtain a new trial would be to retain a new counsel, and start a new theory." Again, as stated in *Grupe* v. *Brady, supra*, which was an action in which, as here, both an appeal was taken from the judgment, and a motion made for a new trial, on the ground of surprise and newly-discovered evidence, it was said: "The evidence claimed to have surprised the plaintiff was principally brought out by defendant's counsel on the cross-examination of the plaintiff and plaintiff's witnesses. Towards the close of the case the plaintiff's counsel introduced evidence in rebuttal, but in doing so he did not in any way indicate that he

was taken by surprise, nor did he move for the withdrawal of a juror, or the postponement of the trial for such reason. As to the newly-discovered evidence, it clearly appeared that it was cumulative, and that, with due diligence, it could have been readily procured at the trial." These motions are not regarded with favor, and it is only in cases where justice requires it, by reason of surprise which could not reasonably be anticipated, or by reason of evidence which could not, by the exercise of diligence, have been procured, that the court will grant that. Here the alleged newly-discovered evidence proposed to be offered was evidence of plaintiff's counsel's own clients, concerning a transaction as to which the counsel himself testified upon the trial. This is not the character of newly-discovered evidence that will justify the granting of the motion, and, so far as the surprise alleged is concerned, all that can be claimed in that regard is counsel's surprise, either at the law of the case or the effect of the evidence as presented as his own witnesses. As to the law of the case and the effect of the evidence, these are all involved in the appeal taken from the judgment, and will be there passed upon. For the reason stated, we are of opinion that the order appealed from should be affirmed, with costs.

LAWRENCE, J., concurs.

VAN BRUNT, P. J., (*concurring.*) This action was brought to replevy certain goods which had been attached by the sheriff under an attachment issued in favor of the defendant Meyer and against the party from whom the plaintiff derived title. The defendant, by his answer, denied ownership in the plaintiff, and set up his process as a justification. Upon the trial of the action evidence was introduced showing that the giving of a bill of sale of the property in question to the plaintiff was part of a transaction which was a scheme on the part of the defendant in the attachment to convey all her property in trust for creditors in a manner in violation of the laws of the state in reference to voluntary assignments for the benefit of creditors, and was therefore void; and, a motion having been made that the court direct a verdict in favor of the defendant, such motion was granted. The trial was in March. In the succeeding May the plaintiff made his motion for a new trial upon the ground of surprise and newly-discovered evidence. It seems to us that it took the plaintiff altogether too long to get surprised to justify the court in granting the motion for new trial upon that ground. If any surprise occurred at all, it occurred upon the trial, and it is admitted that the surprise consisted in the point which was taken upon the motion to direct a verdict by the defendant's counsel. If the plaintiff desired then to be relieved from the condition in which he found himself, he should have moved for the withdrawal of a juror, and a postponement of the trial. But, after having been surprised at the position taken by defendant's counsel, he could not speculate upon what the decision of the court was going to be upon that motion, and then claim, in addition to the surprise at the ground which the defendant's counsel took, that he was surprised that the court decided the question according to law. It appears conclusively from the record that the plaintiff was surprised at the decision of the court upon the facts presented, and not in the slightest degree by the nature of the evidence. As already stated, it took him too long to get surprised, even at the decision of the court, to entitle him to any relief upon that ground.

But it is urged that the motion is also based upon newly-discovered evidence. An examination of the record would seem to show that the principal ground for which a new trial is desired is to allow witnesses who have already been sworn to revise their testimony because, upon reflection and consideration and talking with other people, they have come to the conclusion that they were mistaken somewhat in the sequence of events. No new trial

can be granted for any such purpose. It is true that this is fortified by the claim that certain other witnesses will swear to the same effect. But there is no evidence whatever but what this testimony was all within reach at the time of the trial, and could have been procured; and it was only because the counsel does not seem to have appreciated the tendency of the facts which were established that they were not produced. The motion for new trial was therefore properly denied, and the order should be affirmed, with $10 costs and disbursements.