EUGENE SMITH, as Executor, etc., of RICHARD PATRICK, Deceased, Respondent, *v.* FREDERICKA RENTZ, Appellant.

*New trial — surprise — newly discovered evidence.*

A new trial is not to be granted on the ground of surprise, where it appears that the moving party was, at the trial, in possession of facts which he could then have presented, but did not because he thought the evidence introduced was sufficient to entitle him to prevail; and it appears that he was not misled by the opposite side, and that the surprise was occasioned rather by the decision of the action than by anything in the proceedings of the trial.

73  195
141a 602

73  195
88  517

73  195
21ap625

73h 195
50ad443

73h        195
73 AD²494

73h        195
75 AD²    9

A new trial will not be granted on the ground of newly discovered evidence, where the testimony, upon which the motion is based, with reasonable care could have been obtained and presented at the trial.

APPEAL by the defendant, Fredericka Rentz, from an order of the Supreme Court, made at the New York Special Term on the 3d day of April, 1893, upon the motion of the plaintiff, and entered in the office of the clerk of the city and county of New York, granting a new trial, and also from a judgment in favor of the plaintiff, entered in the said clerk's office on the 10th day of May, 1893, upon the second report of the referee.

*Leopold Leo*, for the appellant.

*H. B. Closson*, for the respondent.

PARKER, J.:

The action was for money paid by the plaintiff's testator to the defendant's use. The complaint alleged that Mr. Patrick had been for a number of years prior to his death the banker and general business agent of the defendant; that during this time she deposited moneys with him, and he, at her request, paid moneys to her and for her account, particularly her tax bills, bills of tradesmen and others incurred in the maintenance of her household; and that when he died the total of the sums thus expended exceeded the sums received from her by $3,774.75. The answer put in issue the averments of the complaint.

The action was first tried before a referee, whose finding in favor of the plaintiff was mainly based on the statement of account appearing in the ledgers of plaintiff's testator. The judgment was subsequently reversed by the Court of Appeals on the ground that the admission of testator's books in evidence was error (131 N. Y. 169). A new trial was had before another referee, who disallowed certain items claimed by the plaintiff, aggregating about $1,100. In his opinion he assigned the following reason for his determination in such respect: " The only witness who testifies in support of them is John H. Patrick, and it is plain that he does not speak from personal knowledge, but that his testimony rests upon entries in the decedent's books, which are not in evidence."

If the referee was in error, plaintiff had an adequate remedy by appeal. Instead, he moved at Special Term for an order set-

ting aside the report of the referee and for a new trial. The attorney for the moving party in his affidavit, on which in part his motion was based, made the following statement : " Upon receiving the referee's report and opinion I was utterly dumbfounded to find that though finding in my favor on every other issue submitted to him, he had disallowed some $1,100 of taxes on the defendant's property paid by the testator, on the following grounds as stated in his opinion : "

(Here affiant quotes from the opinion of the referee as we have above, and continues.)

" I had known from Mr. John H. Patrick, ever since the·commencement of the action in 1888, that he had in point of fact had personal knowledge of these payments, for the simple reason that in most cases he himself had drawn the check that paid them, and in every case had made the payment himself, either taking the check to the office himself, or himself sending it there by mail or messenger ; and I knew that he had used, and needed to use, the memoranda made by himself at the time only to refresh his recollection after the lapse of eight or ten years as to the precise figures of the payments ; whether a given check was for $210 or $211, for instance."

The general rule is that parties to legal proceedings are required to use attention and diligence in the proper preparation of their causes for trial ; and if either fails to do that, and consequently is defeated in whole or in part, when he might otherwise have succeeded, the fault is his own, for which the courts can ordinarily supply no remedy. An exception to the rule is where the conduct of the opposing counsel is such as to mislead counsel. Illustrations of the exception may be found in *Chamberlain* v. *Lindsay* (1 Hun, 231) and *Continental Bank* v. *Adams* (4 id. 666).

In each of the foregoing cases, in response to inquiry by counsel, his opponent made such answers as would naturally have deceived the inquirer. That was not the case here. Plaintiff made no inquiries of the defendant touching the items which the referee found he failed to establish by evidence. And defendant did not suggest that the proof was sufficient, or that the items were not to be seriously contested. Nor does plaintiff show that defendant did any act that was prejudicial to him. On the contrary, it distinctly appears from his affidavits that he was in possession of the facts

which he could have proved and did not, probably because he thought the evidence introduced was sufficient to entitle the plaintiff to recover the items. The situation presented is one to which a remark in *Foster* v. *Easton* (19 N. Y. St. Repr. 447) is applicable : "If there was any surprise in the case, it would seem to have been occasioned rather by the final decision than by anything in the proceedings on the trial."

Plaintiff was not entitled to a new trial on the ground of newly discovered evidence. According to the affidavit of his counsel it appears that he knew before the trial that his witness had personal knowledge of the facts, which led him to move for a new trial in order that he might prove them. The additional claim was made that certain checks of testator bearing on the subject had been discussed. But he does not say that he made any effort to find them before the trial, or that he could not readily have found them had he deemed it of importance to put them in evidence. They were in his client's possession all the time, and the mere statement that they were discovered after the trial was not sufficient to grant the plaintiff a new trial. The inference fairly deducible from this statement, considered in connection with the rest of the affidavit, is that the real discovery made after the trial was that the checks were important as evidence.

It is the rule that a new trial will not be granted on the ground of newly discovered evidence where the testimony upon which the motion is based with reasonable care could have been obtained and presented at the trial. (*Dillingham* v. *Flack*, 43 N. Y. St. Repr. 806–808.) The rule is a wholesome one and should be observed. Not to do so is to encourage careless preparation for, and unskillful presentation on the trial, resulting in useless annoyance and additional expense to both suitors.

As the order was improperly granted, the judgment resulting from the new trial was unauthorized.

The judgment should be reversed, with costs. The order appealed from should be reversed, with ten dollars costs, and the motion for a new trial denied, with ten dollars costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed, with costs. Order reversed, with ten dollars costs, and the motion for a new trial denied, with ten dollars costs.