George C. Glassford, Respondent, v. Alfred C. Lewis, Appellant, Impleaded with Others.

*Motions to set aside verdicts and for new trials — when granted — statement of the proof required, where made on the ground of newly discovered evidence.*

Motions to set aside verdicts as contrary to the evidence, as well as motions for new trials made on the ground of newly discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case, and are addressed to the sound discretion of the court; whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end, and they should be liberally granted in furtherance of justice.

A trial judge is invested with power to set aside a verdict and grant a new trial on the ground that the verdict is against the weight of the evidence, or because the damages are excessive or insufficient, or when for any other reason substantial justice would be promoted thereby; and it is at all times a serious matter for an appellate court to reverse on the ground of error an order made by a trial judge setting aside a verdict as against the weight of the evidence.

Upon a motion for a new trial on the ground of newly discovered evidence, it must appear that the evidence was discovered since the trial; that it could not have been obtained upon the former trial by the exercise of reasonable diligence; that it is material to the issue and goes to the merits of the case; that it is not merely cumulative, and that its character is such that it would probably have changed the result. When these facts appear, and the court is satisfied that the ends of justice will be promoted by allowing the moving party an opportunity to present the newly discovered evidence, the motion will be granted.

Appeal by the defendant, Alfred C. Lewis, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Otsego on the 17th day of May, 1894, setting aside the verdict rendered and judgment entered in the action, and granting a new trial thereof.

*W. H. Johnson,* for the appellant.

*R. M. Townsend* and *Carver, Deyo & Jenkins,* for the respondent.

Martin, J.:

The motion for a new trial which resulted in the order appealed from was made upon the ground of newly discovered evidence, and because the verdict was contrary to the evidence.

A careful reading of the testimony contained in the appeal book discloses that the Special Term may well have granted the plaintiff's motion upon the ground that the verdict was against the weight of evidence. It was said by Allen, J., in *Barrett* v. *The Third Avenue R. R. Co.* (45 N. Y. 632): "Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end." The same doctrine is held in *McKeever* v. *Weyer* (11 Wkly. Dig. 258); *Oberlie* v. *Bushwick Ave. R. R. Co.* (6 N. Y. St. Repr. 771); *Bannon* v. *McGrane* (45 N. Y. Super. Ct. 517); *Macy* v. *Wheeler* (30 N. Y. 231), and *Standard Oil Co.* v. *Amazon Ins. Co.* (79 id. 506). In the *Bannon* case it was said: "It is at all times a grave question for an appellate court to reverse, on the ground of error, an order made by the trial judge setting aside the verdict as against the weight of evidence." In *Young* v. *Stone* (77 Hun, 395), after reviewing these cases, this court said: "We think a trial judge is invested with power to set aside a verdict and grant a new trial on the ground that the verdict is against the weight of evidence, or because the damages are excessive or insufficient, or when, for any other reason, substantial justice would be promoted thereby. This power we think an important one, and one that ought perhaps to be more often exercised by trial courts for the proper protection of the rights and interests of litigants."

Applying these rules and considering the proceedings and evidence had and taken before the trial court, we are led to the conclusion that the order appealed from should not be reversed, as the court was justified in granting a new trial on the ground that the verdict was against the weight of evidence.

We are also of the opinion that the court was justified in granting the order upon the ground of newly discovered evidence. The defendants' claim that the motion should have been denied because of the plaintiff's *laches* in making it should not, we think, be sustained. An examination of the affidavits read upon the hearing of

FOURTH DEPARTMENT, NOVEMBER TERM, 1894. [Vol. 82.

this motion renders it apparent that the Special Term may have found that the *laches* of which the defendants complain was occasioned as much or more by their delay than that of the plaintiff. Moreover, the court may also have found upon the papers before it that the defendants expressly waived the question of *laches* in consideration of the plaintiff's consent to a postponement of the motion. If the affidavit of the plaintiff's attorney was relied upon, the court, as well as the counsel for the defendants, may have thought that he was not " in a position to raise the question of *laches.*"

This leaves for consideration the question whether the papers upon which the motion was granted were sufficient to authorize the court to grant a new trial upon the ground of newly discovered evidence. The general rules applicable to such a motion are well settled. It must appear that the evidence has been discovered since the trial; that it could not have been obtained upon the former trial by the exercise of reasonable diligence; that it is material to the issue and goes to the merits of the case; that it is not merely cumulative, and that its character is such that it would probably have changed the result. When these facts appear and the court is satisfied that the ends of justice will be promoted by allowing the moving party an opportunity to present the newly discovered evidence, the motion will be granted. (Graham & Waterman on New Trials & Appeals, 642, 1085, 1086; *Powell* v. *Jones*, 42 Barb. 24, 29; *Bonynge* v. *Waterbury*, 12 Hun, 534; *Sistare* v. *Olcott*, 22 N. Y. St. Repr. 564; *Darbee* v. *Elwood*, 2 Hun, 599.) Motions for new trials are addressed to the discretion of the court whether based upon the weight of evidence, surprise or newly discovered evidence, or the fact that the party has been deprived of his evidence by accident or other like grounds, and in modern practice they are liberally granted in the furtherance of justice. (*Platt* v. *Munroe*, 34 Barb. 291; *Tyler* v. *Hoornbeck*, 48 id. 197.)

We think the motion papers sufficiently show that the new evidence was discovered since the trial, could not have been obtained on the former trial by reasonable diligence, that it is material, not merely cumulative, of a character that would probably change the result and sufficient to authorize the court in its discretion to grant an order for a new trial on that ground. The facts in this case are much stronger than in *Holmes* v. *Roper* (32 N. Y. St. Repr.

470), where an order denying such a motion was reversed and a new trial granted upon that ground.

The order must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with costs.