# Cases

# FIRST DEPARTMENT

## APPELLATE DIVISION,

### January, 1896.

Joshua L. Baily and Others, Respondents, *v.* Lewis M. Hornthal, Appellant, Impleaded with Albert Weis and Another.

*Motion for a new trial — what newly-discovered evidence is insufficient.*

Motions for a new trial upon the ground of newly-discovered evidence will only be granted where justice requires it, because of the discovery of evidence which could not by the exercise of diligence have been procured at the trial, and the new evidence must be of such a character that, if introduced upon the trial, it would probably have changed the result.

Upon the trial of an action brought by a judgment creditor of the firm of Weis Bros., who had executed a deed of trust on November 5, 1891, preferring the defendant Hornthal for the balance of the special capital contributed by him to a firm in which he was a special partner, which expired April 30, 1891, the business being continued by Weis Bros., the general partners, to set aside such deed of trust, the principal issue was whether the firm was insolvent at the time of its dissolution. The court having found that it was, a motion was made for a new trial upon the ground of newly-discovered evidence. It appeared that this evidence, which was to be given by a bookkeeper of the firm named De Forest, was, in substance, that De Forest had made, in July, 1891, a trial balance and a profit and loss statement and estimate of the value of the assets and liabilities of the firm, and that the firm then had, as estimated by the witness, a net surplus over all liabilities of $91,237.02; that De Forest knew at all times, in a general way, that the firm was solvent in July, 1891, according to his estimate, but that he had lost his computations and did not find them until March 17, 1895, which was about five months after the trial of this action. The affidavit upon which the defendant sought to procure a new trial, which was very general in its character and contained only estimates made by De Forest, did not show what actual knowledge of the real condition of the affairs of the firm was possessed by De Forest.

No attempt had been made upon the part of the defendant Hornthal to procure the attendance of De Forest at the trial of the action and to have him testify to his general knowledge of the solvency of the firm in July, 1891.

*Held,* that the motion was properly denied.

*Semble,* that the proposed evidence was not admissible, as it did not appear what actual knowledge De Forest had of the condition of the firm.

Appeal by the defendant, Lewis M. Hornthal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of May, 1895, denying the motion of the said defendant for a new trial upon the ground of newly-discovered evidence.

*William N. Cohen* and *Frederick P. Delafield,* for the appellant.

*Charles E. Hughes* and *Arthur C. Rounds,* for the respondents.

Van Brunt, P. J. :

Prior to the 30th of April, 1891, the firm of Weis Bros. were doing business in Galveston, Texas. The firm consisted of Robert and Albert Weis as general partners, and the defendant Hornthal as special partner, claiming to have contributed the sum of $50,000 to such partnership as part of the capital. Upon the date mentioned such firm expired by limitation, and on the twenty-third of May following the said firm paid to defendant Hornthal $25,000 as part of his capital. The business of the firm, under the same name, was continued by the general partners, who retained the assets. On the 5th of November, 1891, the said firm of Weis Bros., being insolvent, executed a deed of trust, preferring, among other creditors, the defendant Hornthal for the balance of his special capital, which was subsequently paid to him by the trustee.

The plaintiff obtained judgments aggregating $8,189.49 for goods sold to the firm of Weis Bros. With the exception of $1,323.11, these judgments were recovered for debts owing by the special partnership, and it was claimed that they were entitled to be paid, at least to this extent, before the withdrawal by Hornthal of any portion of his special capital.

It was further urged by the plaintiffs that the special partnership being insolvent, the payment to Hornthal by the judgment debtors or by their trustee constituted a fictitious preference.

The case was tried in October, 1894, and a decision was rendered in favor of the plaintiffs for the entire demand, the court holding that the special partnership was insolvent at the time of its dissolution. An appeal was taken to the General Term and the judgment was affirmed. In March, 1895, the defendant Hornthal moved for a new trial upon the ground of surprise and newly-discovered evidence. This motion was denied, but an order was entered giving leave to renew the motion upon proper affidavits. In April, 1895, the defendant moved for a new trial upon the ground of newly-discovered evidence, supporting his motion with the affidavit of one De Forest, who was the newly-discovered witness. This motion was denied, and from the order thereupon entered this appeal is taken.

It is a well-settled rule that motions of this kind are not regarded with favor, and it is only in cases where justice requires it by reason of the discovery of evidence which could not by the exercise of diligence have been procured that the court will grant them. (*Dillingham* v. *Flack*, 43 N. Y. St. Repr. 806.) And it is also well established that the evidence must be of such a character that it would probably have changed the result. (*Glassford* v. *Lewis*, 82 Hun, 46.)

Two principal objections seem to be urged as a reason for the denial of the motion. The first is that the evidence could not be called newly-discovered evidence which could not have been obtained with reasonable diligence on the former trial; and, second, that it appears from the nature of the evidence which it is claimed the proposed witness could give that it would be inadmissible upon the trial.

It appears that shortly after the failure of the firm of Weis Bros. the witness in question removed to New Orleans, and that the defendant Hornthal had an interview with him relative to the financial condition of the firm of Weis Bros., and that at this interview De Forest, the witness, told Hornthal that he had made a trial balance and an estimate of the value of the assets and the amount of liabilities of said firm, and that if such trial balance could be found it would, together with the estimate of values, show the exact financial condition of said firm at that time; that he knew in a general way that the firm of Weis Bros.

were solvent at the time said trial balance and estimate were made by him, but that without said trial balance he could not state the amount of the actual surplus of said firm, and that, at the request of said Hornthal, the witness made several careful searches for said papers, but was unable to find them, and so informed him. It further appeared by the affidavit of De Forest that, on March 17, 1895, in overhauling some old papers at his home, he stumbled upon the envelopes containing the trial balance and profit and loss statement and estimate of the value of the assets and liabilities of said firm made by him in July, 1891, and that said firm was worth, according to the books of said firm, over and above liabilities, the sum of $264,008.01, and that, according to the estimate of the affiant, the net surplus of the firm over and above all liabilities was $91,237.02, and that he immediately informed Hornthal of the finding of these papers, and thereupon these motions were made.

It will be seen upon an examination of the affidavit of the proposed witness that the only difference in the knowledge which the witness possessed then, and that which he had at the time of the conversations with Hornthal, was in being able to give the exact amount of the surplus of Weis Bros. ; and that at the time of the conversation he knew from his examination of the books, etc., that the firm was solvent at the expiration of the limited partnership. There was no attempt whatever upon the part of Hornthal to procure the attendance of this witness to swear to the facts which were within his knowledge, if they were competent evidence, or to get his testimony before the court. The existence of the evidence was known, but, perhaps, the witness was unable to speak with the same particularity that he is at the present time, and it can hardly be said that under these circumstances the evidence was newly discovered.

Even, however, if the defendant had brought himself within the rules entitling him to a new trial on the ground of newly-discovered evidence, there is nothing in the evidence of the witness which shows that he can testify to anything which is competent evidence. The affidavit is most general in its character. It contains only an estimate of values ; and although it states that it is based upon the affiant's actual knowledge of the values of each item of the assets, and that the affiant made the estimate for the purpose of ascertain-

ing the exact standing and condition of the firm, yet he does not show upon what his actual knowledge is based; and there is no presumption that this bookkeeper of the firm of Weis Bros. could give any legal evidence in respect to the actual condition of the affairs of that firm. It is apparent from an examination of the affidavit of the proposed witness, that it is extremely doubtful whether he could testify to anything which would be admissible upon the issue of the solvency or insolvency of this firm on the 30th of April, 1891.

It seems to us, therefore, that upon both grounds the court was right in denying the motion for a new trial.

The order should be affirmed, with ten dollars costs and disbursements.

BARRETT, WILLIAMS, PATTERSON and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.