<hr />

(21 Misc. Rep. 169.)

## BROADBELT v. LOEW.

(Supreme Court, Special Term, New York County. August. 1897.)

1. NEW TRIAL—UNDISCOVERED EVIDENCE—LACHES.

    After two years of litigation, the appellate court gave judgment for plaintiff for specific performance, whereupon defendant moved for a new trial on the ground of newly-discovered evidence of fraud, which had not before been pleaded, and for leave to amend her answer. She claimed that pending

negotiations plaintiff represented that the premises in the vicinity of those she contracted to purchase were restricted to private dwellings, and that she did not know this was false until after the rendition of said judgment, when she learned that buildings of a nonprivate character were being erected in said vicinity. A new trial would be a great hardship to plaintiff, as he would be forced to hold the property in controversy untenanted pending further litigation. The property was valuable. *Held*, that defendant was unreasonably at fault in failing to discover the evidence in time to introduce it on the trial.

2. SAME—AMENDMENT—DOUBTFUL DEFENSE.

Moreover, the defense was too doubtful, and of too little merit, to be admitted at such time.

Action by William Broadbelt against Sarah L. Loew for specific performance. After the appellate division gave judgment for plaintiff, it made an order allowing defendant to make a motion before the special term for a new trial. Motion denied.

John Frankenheimer, for plaintiff.

Henry W. Taft, for defendant.

RUSSELL, J. The defendant moves for a new trial, and for leave to amend the answer, after judgment absolute against her in favor of plaintiff directed by the appellate division upon an appeal by plaintiff from a judgment in defendant's favor. The action is for specific performance of a contract made in February, 1895, by which the plaintiff agreed to transfer two houses in 149th street and St. Nicholas avenue to the defendant; and the defendant agreed to convey to the plaintiff a house in Fifty-Second street. The defendant rejected title on the ground that the bay windows of the plaintiff's houses encroached upon the street seven inches, and the trial justice sustained her position upon the trial of this action. The appellate division reversed the judgment, and gave judgment absolute for the plaintiff for specific performance. The defendant thereupon moved to alter the judgment to an order for a new trial, basing her motion upon newly-discovered evidence. The appellate division made an order allowing her to make the application to the special term. Upon this motion before the special term she claimed that during the negotiations which led to the contract the plaintiff told her and her husband, who was acting for her, that the premises in that vicinity were restricted to private dwellings, and in so doing was guilty of fraud, although he might not have known the truth. She alleges that she discovered the fraud after the decision of the appellate division in 1897, for then her husband went to view the premises, and discovered some flats being erected on the opposite side of the street. From this she assumes, as is a fact, that no restrictions of the territory to the erection of private dwellings existed. Therefore she requests a new trial, that she may defend on the ground of fraud, and ask for a rescission of the contract.

To justify a new trial for surprise or newly-discovered evidence, the party applying should not have been unreasonably at fault in failing to discover the evidence to sustain the defense, and due regard must be had to the rights of the other party, and the maxim that it is for the interest of the state, as well as that of parties litigant, that litigation shall cease after a fair opportunity to present

or contest a claim. Dillingham v. Flack, 17 N. Y. Supp. 867; Baily v. Hornthal, 1 App. Div. 44–46, 36 N. Y. Supp. 1082; Smith v. Rentz, 73 Hun, 195, 25 N. Y. Supp. 914. In the present case the plaintiff has succeeded, after two years of litigation, and in the present status of the case the plaintiff's right to a recovery must be conceded. The court is asked to sweep away these beneficial results of an earnest litigation, and compel the plaintiff to again struggle upon a new issue, after having been subjected to the additional burden of leaving his houses untenanted and in readiness for compliance with the contract during the whole period of the contest. Under these circumstances, certainly the applicant must present a very meritorious state of facts to justify granting her request. The plaintiff presents very substantial proof that the alleged false statement was not made, and corroborative inferences may be drawn from the conduct of the parties. But, looking at the defendant's side of the facts, as now presented, what justification does she present for her request? When she determined to reject the title and do her best to resist a specific performance of the contract, what was the duty of herself and advisers? It was to ascertain with care and diligence, and present in her answer, the defects of title which depreciated the value of the property purchased. She places her reliance upon the fact that a couple of bay windows extended a few inches into the street. She knew at that time the averments of the restriction of the neighborhood to private dwellings made by the plaintiff to herself and her husband. The nonexistence of any such restriction was a far more substantial depreciation than the alleged encroachment. Yet no effort was made to ascertain whether any such restriction existed, although it is to be supposed that a search of title would be always had before the receipt of a deed of so valuable property, or even of the determination to reject. She does not excuse in any manner the absence of such an examination, but relied upon a technical objection to defeat the claim of the plaintiff without seeking to substantiate the defense which, if it exists, would have been a far more meritorious one. She had no right to remit or relax in any effort to advise the court of her reasons for rejecting the title because she chose to rely upon an objection which was at once fallacious and unmeritorious. She did not exercise that reasonable diligence in preparing her defense which is required of suitors, except where the default is of trivial consequence, and where it becomes excusable because serious rights of the other party will not be impaired. Assuming the determination arrived at before the day for the passage of the title to resist the completion of the contract, her want of effort to ascertain whether there was upon the record a reservation of the use of the neighborhood for select purposes rouses the belief that she was not very much concerned to know the fact, if she remembered the representations at the time. Serious doubt is, therefore, cast upon her own conviction as to the seriousness of the new defense proposed.

The consequences of granting a new trial would be very serious to the plaintiff, and tend to protract the litigation to another period of two years or longer, during which time he cannot avail himself of

the privilege of renting the property he was to convey, while the defendant may still enjoy the use and occupation of her own dwelling. The great hardship of such an order therefore rests upon the plaintiff, who is a successful party, with his right established, to say nothing of the cost of the expenses of the protracted litigation. The defense proposed cannot be proven under the answer as it now stands, and an order for a new trial would be nugatory without the additional order giving the defendant leave to amend her answer by setting up the affirmative defense of fraud. The usual allowance of a new trial for surprise or newly-discovered evidence is to substantiate a defense properly pleaded upon the record, and to give the applicant another opportunity to prove it for reasons which convince that substantial justice will be done by such relief. To allow a new defense to be interposed in order to justify the introduction of evidence claimed to be newly discovered would require an extraordinary state of facts to justify such an order of the court. No such meritorious case is here presented. Aside from the lack of diligence, and the doubtfulness of the defense claimed, it may be said that the defendant is not to lose the entire or even the greater part of the thing in controversy, for she is to receive valuable property, and, if her allegations of fraud can be sustained to justify a rescission of a contract, it is not now apparent why they do not constitute a cause of action for damages, even though the contract be affirmed. The motion is therefore denied, with costs.

Motion denied, with costs.