## SAYER v. KING et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. NEW TRIAL—WANT OF PREPARATION.
    Where defendants in an accident suit are advised, long before the trial, of the nature of the plaintiff's alleged claim, and when and where the accident occurred, and of the elements of fact essential to the support of the action, and have all the time reasonably necessary to enable them to prepare for trial, their want of preparation is not a sufficient excuse to justify the granting of a new trial.

2. SAME—SURPRISE.
    Nor is it sufficient for such purpose that they assert their surprise arising from the fact that, in view of their knowledge of the situation, they did not deem it possible for the plaintiff to furnish the proof necessary for, or which would permit, his recovery.

3. SAME—NEWLY-DISCOVERED EVIDENCE.
    On a motion for a new trial on the ground of newly-discovered evidence, most of the matters set forth were cumulative, and might also, by reason-

able diligence, have been furnished at the trial, and it did not appear that the evidence which could be produced at a new trial would necessarily change the result. *Held*, so far as such evidence went, it did not justify a new trial.

4. SAME.

The action was one for personal injuries at a railroad crossing, due to defendants' negligence. On the motion by defendants for a new trial it was also shown that plaintiff at the time of the accident had in his pocket a pint bottle half full of whisky. *Held* not sufficiently decisive or important, for its bearing on the issues, to warrant a new trial.

Appeal from trial term, Orange county.

Action by John Sayer against John King and John McCullough, receivers of the New York, Lake Erie & Western Railroad Company. Judgment for plaintiff. From an order denying a motion for new trial on the ground that the verdict was against the weight of evidence, and on the ground of surprise and newly-discovered evidence, defendants appeal. The motion was made on a case and affidavits, by leave of court, after denial of the motion for a new trial on the minutes. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY. JJ.

Henry Bacon, for appellants.
W. F. O'Neill, for respondent.

BRADLEY, J. The evidence was sufficient to support the verdict. The only ground requiring consideration is whether the motion should have been granted by reason of surprise and of newly-discovered evidence. The action and recovery were for a personal injury alleged to have been occasioned to the plaintiff by the negligence of the defendants, who were operating the railroad of the company, of which they were receivers. The injury was received when the plaintiff was in his wagon, proceeding on a public highway to pass over the railroad at what was known as "Pierson's Crossing," in the county of Orange, in December, 1894. The trial was had in January, 1897, and the plaintiff gave evidence to the effect that he halted on the hill about 10 rods southerly from the crossing, and, not seeing or hearing any train coming from the west, proceeded down to and onto the first track of the railroad at the crossing, when his wagon was struck by the engine of an easterly-bound train, and he was severely injured. The evidence on his part was that on the way down to the crossing, until he got to it, the view of an approaching train from the west was entirely shut off by an embankment and bushes, and that no signal of the approaching train was given by bell or whistle. The evidence of the plaintiff in that respect was supported by that of two other witnesses. On the part of the defendants, evidence was given tending to prove, not only that the signal was given by bell and whistle, but that for 85 feet from the railroad on the highway an approaching train from the west could be seen 4,000 feet from the crossing; and that at a point on the highway 100 feet southerly from the crossing an approaching train could be seen in that direction 525 feet. This was the evidence of a civil engineer, who, a short time before the trial, made an examination and survey of the place in

question, and its surroundings, for the purposes of the defense of the action. He made a map, which was an exhibit on the trial. Upon this motion for a new trial at the special term the defendants' counsel read affidavits of several persons to the like effect, and in support of the facts as they were stated by such civil engineer upon the trial, and tending to corroborate fully his views as there expressed by his testimony, and illustrated those facts by a further map of another civil engineer, and by photographs taken upon the ground. There was presented apparently a formidable array of facts in support of the evidence given by the engineer upon the trial. The plaintiff did not recognize the correctness of the facts as represented by those affidavits, map, and photographs, but read in opposition to the motion several affidavits of persons to the effect that, in approaching the crossing from the south in the highway, a team coming from the west could not be seen by a person until within a few feet of the railroad track at the crossing, and some of them use the expression that until then it was impossible to see an approaching train from the west. And the question whether, at the time of the accident, there were those bushes at a certain locality, referred to on the trial, was a disputed one of fact, by the affidavits presented in support of and in opposition to the motion. It is true that the facts presented by the moving affidavits are more extended and more ample in the same direction than they were by the evidence in defense on the trial, but the purpose is to show the same facts to which the evidence there related. And while the opposing affidavits are more general, and less illustrative in detail, the affidavits state specifically the important fact that the view of the approach of an east-bound train was entirely cut off by the obstructions referred to.

Following his injury, the plaintiff was immediately taken to the hospital at Middletown. By the affidavits of two persons who were there, it appears that a pint bottle half full of rye whisky was found in one of the pockets of his clothing. The defendants were advised when the action was commenced, in January, 1895, what the nature of the plaintiff's alleged claim was, and when and where the accident occurred for which he sought to charge the defendants with liability. They were also necessarily advised of the elements of fact essential to the support of the action. They had, during the two years preceding the trial, all the time reasonably necessary to enable them, by examination of the locus in quo, to prepare, so far as the situation permitted, to controvert the facts which the plaintiff was required to establish in support of the alleged negligence of the defendants and of his alleged freedom from contributory negligence. The want of preparation for the trial which they now practically assert they can make for the defense of the action is not a sufficient excuse to fairly justify the granting of a new trial. Nor is it sufficient for such purpose that they assert their surprise arising from the fact that, in view of their knowledge of the situation, they did not deem it possible for the plaintiff to furnish the proof necessary for, or which would permit, his recovery. The matters stated in the moving affidavits in relation to the conditions in the neighborhood of the crossing are not only of facts which would be cumulative evidence, but they are

such as the defendants, by reasonable diligence, might have furnished and added as evidence at the trial. And in view of the evidence given on the part of the plaintiff on the trial, and of the statements in the opposing affidavits, it cannot be seen that evidence which could be produced on another trial would necessarily produce a verdict for the defendants. By application of the rules usually adopted and quite well settled on the subject, a new trial on the ground of newly-discovered evidence cannot, in such case, properly be granted. People v. Superior Court, 10 Wend. 285; Brisbane v. Adams, 1 Sandf. 195; Railroad Co. v. Sage, 35 Hun, 95; Smith v. Rentz, 73 Hun, 195, 25 N. Y. Supp. 914; Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162. If the defendants were at the trial surprised by the facts as presented by the evidence on the part of the plaintiff, then was the time for them to seek a postponement of the trial, with a view to the further controversion of them, if deemed desirable, by additional evidence. Peck v. Hiler, 30 Barb. 655; Glendening v. Canary, 5 Daly, 489. After having consented to the continuance of the trial to a result, and to take the chances of it on the questions of fact there presented, the defendants cannot now reasonably have a new trial for the purpose of furnishing further evidence upon those questions. The fact that the plaintiff had in his pocket a pint bottle half full of whisky is not so decisive or important in its bearing upon the questions within the issues as to warrant the sending of the parties to another trial. The cases cited by the learned counsel for the defendants do not, in the view taken of them, have any necessary application to the questions here, in support of the motion. And, having considered the views urged by him in that behalf, we see no well-founded reason for disapproval on this review of the primary disposition made of the motion.

The order should be affirmed. All concur.