WILLIAMS v. JOLINE et al.

(Supreme Court, Appellate Term. January 5, 1911.)

NEW TRIAL (§ 99*)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.
  A new trial for newly discovered evidence will not be granted, where such evidence is cumulative, and it is not shown that it would change the result at another trial.

  [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Anna Plater Williams against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. Judgment for plaintiff. From an order granting defendants' motion for new trial for newly discovered evidence, plaintiff appeals. Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Rollins & Rollins (Alfred A. Wheat, of counsel), for appellant.
Masten & Nichols (H. J. Smith, of counsel), for respondents.

GAVEGAN, J. The action was brought to recover damages for injuries to plaintiff's automobile, caused by a collision with one of defendants' north-bound electric cars at the corner of Lexington avenue and Eighty-Fourth street, New York City. After a trial, the court, sitting without a jury, gave judgment for the plaintiff on conflicting evidence.

The principal point on which the witnesses differed was as to whether the plaintiff's chauffeur or defendants' motorman stopped their respective cars before starting west across Lexington avenue or north across Eighty-Fourth street respectively.

During the trial an investigator in the employ of plaintiff's attorneys testified that two witnesses had given their names and addresses to plaintiff's chauffeur, but that he was unable to subpœna either of them, for the reason that they had moved from the addresses given and could not be located. Following this clue, the defendants' investigators set about to find, and did find, the two witnesses referred to, and presented their affidavits on this application. So far as appears from the moving papers, the defendants could have discovered the names of these witnesses as easily as did the plaintiff's chauffeur. When defendants' attorney who tried the case learned that there were additional witnesses to the accident, he could have asked an adjournment of the trial and made some efforts to find them.

Furthermore, the testimony of the new witnesses is cumulative, and it is not shown that it would change the result at another trial. Defendants' attorney in his moving affidavit says:

"The defendants' witnesses testified that neither the car nor automobile stopped at Eighty-Fourth street and Lexington avenue before the collision, and that the automobile ran into the side of the car. * * * They will testify that neither the car nor automobile stopped at Eighty-Fourth street and Lexington avenue previous to the accident, and that the automobile ran into the side of the car."

On his own statement the defendants' attorney shows conclusively that the newly discovered evidence was cumulative, and, therefore, not sufficient to warrant the granting of a new trial. Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162.

Order reversed, with costs, motion denied, and judgment reinstated, with costs. All concur.