The right of the County Court to exercise the power of amendment, and in the exercise of a wise discretion to make amendments and corrections to the end that an appellant who has in good faith taken an appeal shall not be denied a hearing, has been recognized in many cases. Lake v. Kels, supra; Gutbrecht v. Prospect Park & C. I. R. R. Co., supra; Ross v. Markham, 5 Civ. Proc. R. 81; Burrows v. Norton, 2 Hun, 550; Thorn v. Roods, 47 Hun, 433; Gray v. Walcott, 5 N. Y. St. Rep. 129; Reilly v. Murray, 6 N. Y. St. Rep. 720; McCarthy v. Crowley, 24 N. Y. St. Rep. 815, 5 N. Y. Supp. 675; Chatfield v. Reynolds, 31 N. Y. St. Rep. 195, 9 N. Y. Supp. 880; O'Reilly v. Block, 23 N. Y. Supp. 670; Sherman v. Wells, 14 How. Prac. 522; People ex rel. Gemmill v. Eldridge, 7 How. Prac. 108; Irwin v. Muir, 13 How. Prac. 409; Black v. Maitland, 1 App. Div. 6, 36 N. Y. Supp. 739; Walrath v. Klock, 22 App. Div. 220, 47 N. Y. Supp. 1047; Goss v. Hays, 40 App. Div. 557, 58 N. Y. Supp. 35.

4. I will deny the respondent's motion to dismiss the appeal, upon condition that the appellant, within ten days from the date of the service upon respondent's attorney of a copy of the order to be entered herein, with notice of entry thereof, file and serve the undertaking required by said section 3069 of the Code of Civil Procedure, and that he pay $10 costs of this motion to respondent's attorney. Should the appellant fail to comply with said conditions, the said motion to dismiss the appeal is granted, with $10 costs.

Motion granted, with $10 costs.

---

PEOPLE v. PINDAR.

(Otsego County Court. June, 1914.)

1. CRIMINAL LAW (§ 945\*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Defendant drew a check in the name of F., payable to F.'s wife, and the name of the payee having been indorsed thereon by W., to defendant's knowledge he negotiated the check to another and obtained $1,200 from him. *Held*, that F. having denied giving defendant authority to sign the check, newly discovered evidence that he did give defendant such authority was insufficient to relieve defendant from a judgment convicting him of grand larceny in the use of the check, in the absence of proof that the payee authorized W. to indorse it, which was not shown by evidence that such authority was attempted to be conferred by F.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2324–2327, 2336; Dec. Dig. § 945.\*]

2. CRIMINAL LAW (§ 936\*)—NEW TRIAL—WITNESSES—PRODUCTION.

That a witness did not appear for defendant because of lack of funds was insufficient to entitle defendant to a new trial in order to produce the witness' testimony, where though defendant moved unsuccessfully to have the witness subpoenaed at the expense of the county, no attempt was made to comply with Code Cr. Proc. § 617, authorizing the court in its discre-

tion, under certain circumstances, to direct the payment of a reasonable sum to any witness attending in behalf of the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2299–2305; Dec. Dig. § 936.*]

3. CRIMINAL LAW (§ 938*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A new trial will not be granted for newly discovered evidence, unless it appears that the evidence was discovered since the trial; that it could not have been obtained on the former trial by the exercise of reasonable diligence; that it goes to the merits; is not merely cumulative; and that its character is such that it will probably change the result.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2315, 2317; Dec. Dig. § 938.*]

William D. Pindar was convicted of grand larceny in the first degree, and, the conviction having been affirmed, he applies for a new trial. Denied.

See, also, 159 App. Div. 12, 144 N. Y. Supp. 242.

Nathan B. Chadsey, of New York City, for the motion.

Orange L. Van Horne, of Cooperstown, Dist. Atty., opposed.

A. L. KELLOGG, J. The defendant was heretofore indicted by the grand jury of the county of Otsego for the crime of grand larceny in the first degree, in that he did, on the 26th day of February, 1912, wrongfully and feloniously take from the possession of George L. Talmadge the sum of $1,200 by the aid of a certain check drawn in the sum of $2,000 on the Mutual Bank of New York and made payable in the first instance to the order of Mrs. William M. Fleitmann. On the trial of such indictment in the month of October, 1912, the defendant was found guilty as therein charged, and duly sentenced to a term of not more than eight years nor less than four years in Auburn states prison. From the verdict of the jury and the judgment so rendered, the defendant took successive appeals to the Appellate Division, Third Judicial Department, and to the Court of Appeals, all of which resulted in the affirmance of the judgment of conviction. It also appears that the defendant, after such affirmance made a motion for a reargument in the court last mentioned, and which motion, after due consideration, was denied. This is a motion for a new trial after all of the proceedings above mentioned have been had and taken herein upon the ground that William M. Fleitmann, who was sworn as a witness both by the people and in behalf of the defendant, committed perjury in testifying to the material fact that he did not authorize the defendant, William D. Pindar, to draw the $2,000 check upon which the indictment and conviction herein is based, and for such reason it is contended with much earnestness in defendant's behalf that the trial court in its discretion and power should grant such new trial.

In support of the motion the affidavit of Norosa Wayt has been presented, and she states that she was present when Fleitmann authorized Pindar to draw and sign the check in question, and that she will so testify on a new trial if permitted to do so, and that such evidence might tend to create a reasonable doubt in favor of the defendant.

[1] As already appears the check in question was drawn in the sum

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of $2,000, and made payable to the order of Mrs. William M. Fleitmann, and hence, in order that the check might have a legal and valid inception, it must have affirmatively appeared, not only that Fleitmann authorized Pindar to sign his name to such check, but that it was duly indorsed by Mrs. William M. Fleitmann, or by some person having authority to sign her name. It appeared on the trial that the name of Mrs. Fleitmann was indorsed thereon by Norosa Wayt, and it was the defendant's contention that Fleitmann directed her to make such indorsement. The record here will be searched in vain for an authorization from Mrs. Fleitmann, either oral or written, to indorse her name to the check, or that it may be so indorsed, and conceding that Fleitmann actually directed Pindar to sign his name thereto, as maker, for the reason mentioned, it still leaves the check without the genuine indorsement of the payee. It follows that the name Mrs. William M. Fleitmann, as it appears on the check, is a forgery. Therefore the defendant, having knowledge of such fact, had not the right to cash or negotiate it, and he could not have so done in good faith.

[2] Recurring once more to Norosa Wayt, no sufficient reason yet appears why she was not produced on the trial as a witness for the defendant. It is true that a motion was made that the witness in question be subpœnaed at the expense of the county of Otsego, which motion was denied by the court upon the ground that the defendant had not, at any time, met the requirements of section 617 of the Code of Criminal Procedure, wherein it specifically states that the court may, in its discretion, direct the payment of a reasonable sum to any witness attending in behalf of the defendant, but so far as this court is informed no attempt was made by the defendant to bring himself within the mandatory provisions of the section mentioned as regards the witness Norosa Wayt or any other witness.

Under my conception of the law wherein the defendant entirely failed on the trial to show any authorization from Mrs. Fleitmann to indorse her name to the check, I am not convinced from the affidavit presented that his proposed evidence would in any way tend to change the result.

There is no claim made in the affidavit that this evidence is newly discovered, or that there was any reason why it was not submitted upon the former trial, except that Miss Wayt swears that she did not have money enough to come to Cooperstown, but this does not bring her within the provisions of the Code of Criminal Procedure as above set forth.

[3] The law is well settled in this state that on a motion made for a new trial on the grounds of newly discovered evidence, it must appear that the evidence was discovered since the trial; that it could not have been obtained upon the former trial by the exercise of reasonable diligence, goes to the merits of the case; is not merely cumulative, and that its character is such that it would probably change the result. Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162; Barret v. Third Ave. R. R. Co., 45 N. Y. 628.

In 164 N. Y. 472, 58 N. E. 668, In re People v. Priori, Judge Martin lays down the following rules as to newly discovered evidence:

"Newly discovered evidence in order to be sufficient must fulfill all of the following requirements: First, it must be such as will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; fifth, it must not be cumulative to the former issue; * * * sixth, it must not be merely impeaching or contradicting the former evidence."

I am not convinced that the affidavit offered by the defendant in this case brings him within any of the rules above set forth.

The questions involved here, being of unusual importance, have impelled me to review the entire record with much care, notwithstanding the fact that I presided at the trial, and received the impression thereon that the verdict of the jury was fully justified, and that the verdict and the sentence thereby imposed have been unanimously affirmed by the highest court in the state. After such review of both the law and the facts, I have reached the conclusion that the motion for a new trial must be denied.

Ordered accordingly.