ROEDIGER v. KRAFT et al.

(Supreme Court, Special Term, New York County. March 25, 1915.)

NEW TRIAL ☞91—GROUNDS—EVIDENCE, NOT INTRODUCED.

Where defendant had in his possession at the trial certain evidence which he elected not to introduce, relying upon another theory of the case, he is not entitled to a new trial for the purpose of introducing that evidence, though he alleged that he was misled by the complaint.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 184–187; Dec. Dig. ☞91.]

Action by Jessie Roediger, as administrator of Louisa Roediger, deceased, against Nellie Kraft, as executrix, and Emil Hasenbalg, as executor, of Traugott F. M. Roediger, deceased. Judgment for plaintiff, and defendants move to set aside the judgment and for a new trial. Motion denied.

Gustave Lange, Jr., of New York City, for plaintiff.

James S. Lehmaier and William W. Pellet, both of New York City, for defendants.

PENDLETON, J. This is a motion to set aside the judgment and for a new trial. The ground of defendants' motion appears to be that they refrained from cross-examining a witness as to a paper which they had in court at the trial, or to put in evidence facts alleged to be set forth in the said paper, because, they say, they were misled by the complaint. They had all the information in court at the time. They elected not to use it, deeming, presumably, such course wise, and, now that the decision has been rendered against them, they ask to set aside the judgment and have a new trial to do what they might equally well have done at the time. A party cannot experiment in that way. If the facts are admissible, or competent, or effective now, they were equally so at the time of the trial and should have been proved. Counsel deliberately refrained from offering the evidence. The case was disposed of on the theory and evidence he deliberately elected to submit it on. To set aside the judgment and grant a new trial, to allow him to substitute another theory, would be to encourage trifling and experimenting with the court.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no pretense here of after-acquired evidence. Counsel had all the evidence, but elected not to use it. Having been defeated, he now wishes to try again. There is no warrant for such practice. If such motions were granted, there would be no end to litigation. Who can say but that, if the motion is granted and defendants again defeated, another motion may not be made for another new trial to introduce still other testimony counsel had deliberately kept back at the second trial? That this is not legal surprise is well settled. In Price v. Price, 33 Hun, at page 434, the court says:

"All the evidence offered which was pertinent to the case was received and acted upon, and after understandingly and voluntarily concluding the trial in that manner, it is too late to open the case again for further proof. If it had been unknown, or the defendants had been prevented from giving it by anything but their own volition, the application would be entitled to more favorable consideration; but as the proof was withheld simply because it was believed the defense was well enough without it, the parties affected by the conclusion to omit the stipulation must submit to the consequences of what is now stated to have been a misjudgment. Any other rule would introduce the greatest possible uncertainty in legal proceedings. If this practice could be sanctioned in this case, it would be entitled to like indulgence in all others, and each party could experiment upon the tribunal hearing the action, by withholding part of the pertinent proof, and then after an adverse result open the whole controversy again. If it could be permitted once, it could for any number of times, which would effectually prevent a definite end to legal investigations."

See, also, Hurlbert v. Parker, 5 N. Y. St. Rep. 454; Felber v. Man. District Telegraph Co., 15 Daly, 62, 4 N. Y. Supp. 555; Smith v. Barnes, 9 Misc. Rep. 368, 29 N. Y. Supp. 692; Dillingham v. Flack et al., 17 N. Y. Supp. 867.[1]

On motions for a new trial on the ground of newly acquired evidence it must be shown, not only that the evidence is newly discovered, but that it could not have been discovered before by the exercise of due diligence. Smith v. Rentz, 73 Hun, 195, 25 N. Y. Supp. 914. There is no reason why the same principle should not apply on motions of this character. Here the evidence was known and intentionally withheld, notwithstanding the fact that defendants were well advised of plaintiff's contention by the argument at the trial and the proposed findings submitted long before the decision. Defendants had ample time thereafter and before the decision to ask to open the case if desired. It does not appear, moreover, that the evidence would have changed the result. It was not inconsistent with the fact that the money was to be held by Dr. Roediger, "not to be paid at a fixed time," which would bring the case within subdivision 2 of section 410 of the Code, which, even if it altered some of the reasons stated in the opinion, would not have changed the result.

Motion denied, with $10 costs.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 629.