## SUPREME COURT.

### ASHER L. SELOVER and CEPHAS CULVER agt. CONRAD WISNER.

Where the plaintiff obtains a verdict at the circuit for $50 or over, and the defendant makes and serves a case, for a new trial, the plaintiff is entitled to costs for:
" Making and serving amendments to case $10.
On aplication for new trial on a case made before argument $20.
For argument $40."

*Schuyler Special Term, April,* 1869.
Motion by plaintiffs for a readjustment of their costs.

M. M. MEAD, *for plaintiffs.*
J. McGUIRE, *for defendant.*

BALCOM, J.   This action was tried at the Schuyler circuit in April, 1868, when the plaintiffs obtained a verdict for $50, damages.   The defendant made a case, to which the plaintiffs proposed amendments.   The case was settled and the defendant made a motion thereon for a new trial at the Tompkins special term in September, 1868, which motion was denied with costs.   The plaintiffs' costs were adjusted by the clerk of Schuyler county in February, 1869.   He struck out of the same the following items, viz.:

"Making  and  serving amendments to case........$10.
On  application  for  new  trial  on  a  case  made  before argument............................. 20.
For argument............................... 40."

The plaintiffs' counsel contends that the clerk erred in disallowing these items and in striking the same from the plaintiffs' bill of costs.

It is provided by subdivision three of section 307 of the Code, as amended in 1866, that a party shall be allowed ten

dollars "for making and serving amendments to a case." (*Laws of* 1866, *vol.* 2, *p.* 1840.) And that subdivision of section 307 remains unaltered and is in force. The clerk therefore erred in striking out of the plaintiffs' costs the charge of $10, for "making and serving amendments to case."

Subdivision five of section 307 of the Code, was amended in 1867 so it reads as follows, viz. : ·

" 5. To either party on appeal, except to the court of appeals and except appeals in the cases mentioned in subdivisions one, three, four and five of section 349, and except in cases mentioned in the second paragraph of section 344, before argument, twenty dollars; for argument, forty dollars; and the same costs shall be allowed to either party before argument and for argument on application for judgment, upon special verdict, or upon verdict subject to the opinion of the court, or for a new trial on a case made, and in cases where exceptions are ordered to be heard in the first instance at a general . term, under the provisions of section 265." (*Laws of* 1867, *vol.* 2, *p.* 1924.)

An application for judgment upon a special verdict, or for a new trial on a case made, must in the first instance be heard and decided at the circuit or special term. (*Code*, § 265.) For this reason and the reasons assigned in *Scudder* agt. *Gori* (18 *Abb.*, 207), I am of the opinion the plaintiffs were entitled to $20 on the defendant's application for a new trial on a case made before argument at the special term, and also to $40 for argument at such term in opposition to the motion for a new trial. ˙ The reasoning on this question in *Scudder* agt. *Gori* (*supra*), is conclusive in my judgment in favor of the allowance to the plaintiffs of these items of costs.

My conclusion therefore is, that an order should be made directing the clerk of Schuyler county to readjust the plaintiffs' costs and allow the above mentioned rejected items and strike from such costs the charge of $10 allowed on the mo-

tion for a new trial. And the order will also direct such clerk to amend the judgment roll in the action and the docket of the judgment so as to conform to the amount of costs as readjusted.

No costs arc allowed either party on this motion.