# SUPREME COURT.

## SARAH LYONS agt. MAGDALENA MURAT.

## THE SAME agt. ALBERT J. MURAT.

*When proceedings are stayed for non-payment of costs ordered — Construction of section 779 of the new Code of Civil Procedure — practice as to unverified pleadings.*

A pleading, verified by an attorney, stating as the ground for his verification, instead of the verification of the party herself, " that he could not find her in the city, and it was his last day to reply," does not conform in its verification to section 525. It states no legal reason why it is not made by the party, and may, by section 528, be treated as a nullity.

Where costs have been ordered against a party on a former motion, the non-payment of these costs, *ipso facto*, stays all proceedings of such party until the payment of the same (*Code of Civil Procedure, sec.* 779).

*Special Term, October,* 1877.

THE plaintiff served alleged replies to new matter set up in the answers of the defendants, which were verified by her attorney, upon the ground that he could not find her in the city, and it was his last day to reply. . The complaints and the answers were properly verified by the parties in the usual form. The defendants returned the alleged replies within twenty-four hours, with the following reason thereon indorsed :

·" The within alleged reply, which was served Saturday, October 20, 1877, at 2.35 P. M., is hereby returned this day as an unverified pleading. It does not conform in its verification to section 525 of the New York Code of Civil Procedure, and states no legal reason why it is not made by the

party. The defendant elects, pursuant to section 528 of the New York Code of Civil Procedure, to treat the same as a nullity.

"Dated, N. Y., Oct. 22, 1877, at 9 A. M."

The plaintiff then moved to compel defendants to accept service of the replies.

*Ferdinand S. Hahn*, for plaintiff, in support of the motion, argued that, not knowing the whereabouts of his client during the day-time, and the facts of the case being within his own knowledge, the verification was sufficient, and the court could compel defendants to accept service of the replies.

*Messrs. George F. and J. C. Julius Langbein*, for defendants, in opposition, argued that the only question before the court was as to which party was regular in his proceedings. No *legal* reason was given why the plaintiff did not herself verify the replies; that thirty dollars costs had been ordered against her on former motions, which were not paid, and cited section 779 of the new Code, and the case of *Thaule* agt. *Frost* (*reported in* 1 *Abbott's New Cases*, 298), and claimed that non-payment of these costs, *ipso facto*, stays all proceedings of the plaintiff. They also referred to a note made by Montgomery H. Throop, one of the commissioners of the new Code, to section 779.

DONOHUE, *J.*, held the objection fatal, and denied the motions, with ten dollars costs in each case.