JOHN R. YOUNG and Another, Respondents, *v.* WINFIELD B. STONE, as Sheriff of Broome County, Appellant.

*New trial granted on payment of costs — presumption as to the ground upon which it was granted — form of the order.*

Where, upon a motion for a new trial, based upon exceptions and the insufficiency of evidence, an order is made granting a new trial upon condition of the payment of costs, it will be presumed that the order was made upon the latter ground.

A trial judge is invested with power to set aside a verdict and to grant a new trial on the ground that the verdict is against the weight of evidence, or because the damages are excessive or insufficient, or when for any other reason substantial justice will be promoted thereby.

An order setting aside a verdict in favor of the defendant and granting a new trial in an action, on payment by the plaintiffs of all the costs of the action, after notice of trial, to be taxed within thirty days from the service of a copy of such order and notice of the granting and entry thereof, should contain the further provision that, if such costs are not so paid, the motion to set aside the verdict and for a new trial is denied.

APPEAL by the defendant, Winfield S. Stone, as sheriff of Broome county, from an order of the Supreme Court, made at the Chenango Special Term and entered in the office of the clerk of the county of Broome on the 18th day of November, 1893, granting the plain-

tiffs' motion for a new trial made upon a case and exceptions, and setting aside the verdict and granting a new trial in the action.

*George F. Lyon*, for the appellant.

*T. B. & L. M. Merchant*, for the respondents.

MARTIN, J. :

An examination of the order appealed from renders it quite manifest that the verdict was set aside and a new trial granted upon the ground that the verdict of the jury was against the weight of evidence, as it was granted upon the condition that the respondents should pay the costs of the trial. On a motion for a new trial upon exceptions and the insufficiency of the evidence, an order granting it upon condition of payment of costs will be presumed to have been made on the latter ground. (*Henderson* v. *Henderson*, 2 Abb. N. C. 102.) We think the same presumption exists in this case.

In *McKeever* v. *Weyer* (11 N. Y. Wkly. Dig. 258) it was said: " The granting or refusing a new trial on the minutes is largely a matter resting in the discretion of the judge who presides at the trial. Such an order is appealable. (§ 1342, Code Civ. Proc. ; 4 Wait's Pr. 342.) But on review the appellate court would not be justified in reversing the action of an inferior court unless it appeared that the discretion vested in the latter court had been abused."

In *Oberlie* v. *The Bushwick Ave. R. R. Co.* (6 N. Y. St. Repr. 771) it was held that the question whether a verdict ought to be set aside as against the weight of evidence is one not governed by any well-defined rules, but depends in a great degree upon the peculiar circumstances of each case.

In *Bannon* v. *McGrane* (45 N. Y. Super. Ct. [13 J. & S.] 517, 520) Judge FREEDMAN said : " It is at all times a grave question for an appellate court to reverse, on the ground of error, an order made by the trial judge setting aside the verdict as against the weight of evidence. Motions to set aside verdicts, as against the weight of evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry, in each particular case, whether substantial justice has been done, the court having in view solely the attainment of that end."

In *Macy* v. *Wheeler* (30 N. Y. 231) it was held that the Supreme Court has the undoubted power and right to examine the evidence at large, and upon the whole case, including the law and the facts, to set aside a verdict and grant a new trial; that that court can, from the evidence, reach different conclusions of fact from those found by the jury, and that in reviewing trials it has power to pass upon questions of fact as well as law.

In *Barrett* v. *The Third Ave. R. R. Co.* (45 N. Y. 628, 632) ALLEN, J., said: " Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end. * * * The exercise of this discretion is not reviewable on error."

In *The Standard Oil Co.* v. *The Amazon Ins. Co.* (79 N. Y. 506) it was held that where the verdict was perverse, or contrary to the law and the evidence, the Supreme Court had ample power to grant new trials in the exercise of its discretion.

In *Houghkirk* v. *President, etc., D. & H. C. Co.* (92 N. Y. 219), where the General Term had declined to set aside a verdict as excessive, assigning as a reason that the doctrine of the opinions of the Court of Appeals left it impossible in any instance to say that damages were excessive, the court held that the Supreme Court possessed the power to grant a new trial for excessive damages even in an action for injuries resulting in the death of a person occasioned by the defendant's negligence.

Assuming, as we think we should, that the motion in this case was granted upon the ground that the verdict was against the weight of the evidence, and applying the doctrine of the cases cited, we are unable to say that there has been any abuse of that sound discretion within which the trial court has a right to grant or refuse a new trial in such a case, but, on the contrary, are of the opinion that the trial court was justified in granting the order appealed from. We think a trial judge is invested with power to set aside a verdict and grant a new trial on the ground that the verdict is against the weight of

evidence, or because the damages are excessive or insufficient, or when, for any other reason, substantial justice would be promoted thereby. This power we think an important one, and one that ought perhaps to be more often exercised by trial courts for the proper protection of the rights and interests of litigants.

The appellant contends that even if a new trial was properly granted, the order should be modified so as to provide for the payment by the respondents of all costs of the action after notice of trial, to be paid within a fixed time after the service of a copy of such order with notice of entry. The order is, "That the verdict herein be set aside, and a new trial of this action be, and the same is hereby, granted on payment by plaintiffs of all costs of the action, after notice of trial, to be taxed within thirty days from the service of a copy hereof and notice of the granting and entry hereof." It is manifest from a reading of this order that the trial court intended to set aside the verdict and grant a new trial only upon the condition that the plaintiffs should pay the costs referred to in the order. The order, however, failed to provide that in the event of the plaintiffs not paying such costs, the motion to set aside the verdict and for a new trial should be denied. Perhaps this was unnecessary, and yet, we think, the order should contain such a provision, as in the absence of it the plaintiffs may be led to suppose that they need not pay the costs and omit to do so, thereby suspending the action or compelling the defendant to take proceedings to collect them. Therefore, we think it would be better that the order should be amended so as to provide that the verdict be set aside, and a new trial granted upon the condition that the plaintiffs pay the defendant all the costs of the action after notice of trial, within twenty days after the same shall have been adjusted and notice thereof served upon them, and with the further provision that if such costs are not so paid, the motion is denied, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Order modified so as to read as follows : " Ordered, that the verdict herein be set aside and a new trial granted, on condition that the plaintiffs pay to the defendant all costs of the action after notice of trial, within twenty days after the costs shall have been adjusted by the clerk of Broome county, and notice thereof served upon the

plaintiffs. It such costs shall not be paid by the plaintiffs as herein provided, the motion to set aside the verdict and for a new trial is denied, with costs," and as modified, the order appealed from is affirmed, with costs to the respondent.