FRANK C. CHESLEY, Appellant, *v.* WILLIAM B. HUGHES, as Sheriff of the County of Cattaraugus, Respondent.

*Order granting a new trial — reversed on appeal only for abuse of discretion.*

While an order, setting aside the verdict of a jury and granting a new trial of an action on the ground that the verdict is against the weight of the evidence, is appealable under the provisions of section 1342 of the Code of Civil Procedure, an appellate court will not be justified in reversing the action of the trial court unless it appears that the discretion vested in the trial court has been abused.

The granting of motions to set aside verdicts as contrary to the evidence rests in the discretion of the court, and depends in a great degree upon the peculiar circumstances of each case.

APPEAL by the plaintiff, Frank C. Chesley, from an order of the Supreme Court, made at the Cattaraugus Circuit and entered in the office of the clerk of the county of Cattaraugus on the 31st day of May, 1893, granting the defendant's motion for a new trial made upon the minutes.

*James H. Waring,* for the appellant.

*Charles S. Cary,* for the respondent.

LEWIS, J.:

This action was brought to recover the value of a stock of furniture alleged to have been converted by the defendant as sheriff of Cattaraugus county. The firm of George E. Howland & Co., composed of George E. Howland and Daniel W. Pierce, in the latter part of December, 1891, purchased a stock of furniture of different dealers, amounting in value to about the sum of $4,000. They opened a store in Olean the 1st of January, 1892, and continued in business until the fore part of March of that year, and then transferred their entire stock to the plaintiff for a consideration of $2,400. Twelve hundred dollars of the purchase price was applied upon an alleged indebtedness of the firm to the plaintiff for money which it was claimed the plaintiff had loaned them from time to time, and for goods sold to them after they opened their store and before the transfer, amounting in all to the sum of $1,200, and for the balance

FIFTH DEPARTMENT, DECEMBER TERM, 1894.          [Vol. 83.

of the purchase price of the stock the plaintiff gave his two promissory notes for $600 each, one coming due eighteen months from its date, and the other two years. The creditors of the firm caused attachments to be issued and delivered to the sheriff, and he, by virtue thereof, took possession of the stock of goods.

The plaintiff recovered a verdict against the sheriff for the sum of $2,200, which was set aside by the court upon the ground that the verdict was against the weight of evidence. The evidence tended to show that neither Howland nor Pierce had any means with which to engage in business, neither had they any credit except such as was manufactured by the statement of the plaintiff to the salesmen of the various dealers who sold them goods. The evidence tended very strongly to show that the members of the firm and the plaintiff entered into a fraudulent scheme to obtain possession of the stock of goods with the intention of disposing of it, and thereby defrauding the firm's creditors. There was evidence tending to show that the salesmen of the creditors were induced to sell goods to the firm upon the representation of the plaintiff that they were responsible, and that it would be safe to sell them goods. The evidence tended to show that the plaintiff was aware that Mr. Howland, who was his father-in-law, was at the time the representations were made, entirely irresponsible pecuniarily.

The plaintiff testified that when Howland informed him that he was going into the furniture business at Olean he laughed at him, and said : " ' How is that, how are you going into business ? ' and that Howland replied : · ' I have got that all fixed ; ' I says, ' How ? ' He said : ' Mr. Pierce's people are going to furnish the stuff.' " The plaintiff testified that he had no knowledge as to the responsibility of Mr. Pierce, and yet he represented the firm to be responsible and worthy of credit, and thereby induced the dealers to sell the firm goods to the value of $4,000, which they about three months thereafter transferred to him at the price of $2,400.

Without rehearsing all of the evidence, we are satisfied from an examination of it that the trial court was justified in granting the order appealed from. While such an order is appealable under Code of Civil Procedure, section 1342, an appellate court would not be justified in reversing the action of the trial court unless it was made to appear that the discretion vested in that court had been abused.

(*McKeever* v. *Weyer*, 11 N. Y. Wkly. Dig. 258; *Young* v. *Stone*, 28 N. Y. Supp. 881.)

The granting of motions to set aside verdicts as contrary to evidence, as well as motions for new trials upon the ground of newly-discovered evidence is, as a rule, addressed to the discretion of the court, and depends in a great degree upon the peculiar circumstances of the case. The justice presiding at the trial has advantages and opportunities to judge of the propriety of the verdict not possessed by the appellate court. He is permitted to listen to the witnesses while giving their evidence, and observe their manner and conduct upon the trial, and when he exercises a discretion in such a case the appellate court will not reverse his decision unless it pretty clearly appears that he has abused his discretion. (*Barrett* v. *Railway Co.*, 45 N. Y. 628, 632.)

An examination of this case has satisfied us that it was a very proper case for granting the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order granting a new trial appealed from affirmed, with costs.