FLEISCHMAN v. YAGEL.

(Supreme Court, Special Term, Otsego County. April 3, 1896.)

1. COSTS—AFTER NOTICE OF TRIAL—ALLOWANCE.

Under an order granting new trial upon payment of the costs and disbursements after notice of trial, the allowance of costs for noticing cause for trial, and for term fees, was improper; but costs before argument, and for argument of motion for new trial on case and exceptions, and for amendments to case, are properly allowed.

2. SAME—COSTS ON APPEAL INCLUDED IN JUDGMENT.

Costs on appeal to the general term, being included in the judgment, should not be taxed under an order granting new trial on payment of costs and disbursements after notice of trial, when an action is pending and undetermined for the collection of such costs.

This was an action brought by Adolph Fleischman against Barbara Yagel, in which an appeal is taken by both parties from a taxation of costs made by the clerk of Otsego county. Motion granted.

W. J. Palmer, for plaintiff.

Wagner & Fisher, for defendant.

FORBES, J.    This is a motion for a new taxation of costs.    An appeal to this court is taken by the attorneys of each of the parties, and it is claimed by each that the taxation made by the clerk of Otsego county is erroneous.    The plaintiff recovered a verdict of $228 damages against the defendant, at the Otsego circuit, on the 1st day of March, 1892.    At the same term a motion was made by the defendant's attorneys for a new trial upon the minutes.    That motion was entertained, to be heard upon a case and exceptions. The plaintiff was permitted to tax his costs, enter his judgment, and then a stay was granted, to make a case and exceptions.    The defendant, however, appealed alone from that judgment.    Upon a motion on the part of the plaintiff at the general term, there being nothing for review except the judgment roll, the judgment was affirmed, with costs, and that order was duly entered and docketed in the clerk's office of the county of Otsego.    A motion was thereafter made, on the part of the defendant, for leave to make and serve a case and exceptions.    This motion was granted, upon certain conditions, which were complied with.    The proposed case and exceptions were made, amendments were proposed thereto, and the case was finally settled, and brought on for a hearing at chambers before the judge who held the circuit.    A new trial was granted to the defendant "upon the payment of the costs and disbursements of said action after notice of trial," and such costs and disbursements were ordered taxed by the clerk of Otsego county.    On the 14th day of February, 1896, the clerk taxed said costs at the sum of $174.04.    From that taxation these appeals were taken.

The clerk allowed all of the items of cost presented by the plaintiff, except the items of the motion for a new trial upon the case and exceptions, before argument, $20; for argument, $40.    In the bill of costs taxed by the clerk are the following items:

"Costs after and before trial, $15. Motion costs awarded January 31, 1895, $10. Term fees, June, 1893, and October, 1893, $20. Appeal to the general term, before argument, $20; for argument, $40. Costs of the motion to strike the case from the general term calendar, $10."

Upon the judgment for costs at the general term an action was commenced by the plaintiff to set aside certain conveyances of real estate made by the defendant, and that action is still undetermined.

The question presented upon this appeal is this:    To what costs is the plaintiff entitled upon the granting of the motion for a new trial, upon the case and exceptions?    It would seem to the casual observer that that question had been fully settled, under the decisions in this state, but I find no case reported specifically pointing out what those items of cost should be.    The courts seem to have settled the proposition that, as a condition, upon granting a motion

for a new trial, upon a case and exceptions, or upon the minutes, when the new trial rests in the discretion of the court, as against the weight of evidence, for a mistake of the jury, or when substantial justice requires a new trial to be granted, the party receiving the favor must pay all of the costs and disbursements after notice of trial. Bailey v. Park, 5 Hun, 41; Kelly v. Frazier, 27 Hun, 314; Mahar v. Simmons, 47 Hun, 479; O'Brien v. Long, 49 Hun, 80, 1 N. Y. Supp. 695; Sewell v. Lathrop, 67 Hun, 651, 23 N. Y. Supp. 1154; Young v. Stone, 77 Hun, 395, 28 N. Y. Supp. 881; Peck v. Railroad Co. (Sup.) 6 N. Y. Supp. 379; O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407. This condition is based upon the theory that the party against whom the favor is granted shall be fully restored to all of his rights as they existed at the circuit, before the trial. O'Shea *v.* McLear (Sup.) 1 N. Y. Supp. 407; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502. This theory presupposes the facts that the cause is at issue; that it has been noticed for trial; placed upon the calendar at the circuit; that witnesses have been subpœnæd to try the question of fact; and that the cause is ready for trial when reached upon the calendar. Upon this assumption, what costs are to be paid, as a condition for granting a new trial? The order should show the grounds upon which a new trial is granted. Sup. Ct. Rule 31. In case the order does not show the grounds, it will be presumed that the new trial was granted because the verdict was against the weight of evidence, or that, in the opinion of the trial court, substantial justice will be promoted thereby. Young v. Stone, 77 Hun, 395, 28 N. Y. Supp. 881; Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162; Grening v. Malcom, 83 Hun, 9, 31 N. Y. Supp. 612. And, unless there has been an abuse of discretion, that order will be sustained. Authorities supra.

The order in question provides for the "payment by the defendant of the costs and disbursements of said action, after notice of trial." Upon this appeal no objection is raised to the item of $15, after notice of trial; and the appeal, on the part of the defendant, admits that item as correctly taxed, and it must therefore be allowed. Cuyler v. Coats, 10 How. Prac. 141: Toll v. Thomas, 15 How. Prac. 315; People v. Lewis, 28 How. Prac. 159, affirmed Id. 470. As an original proposition, it is extremely doubtful whether that item should be covered by the order granting a new trial. Some of the earlier authorities, however, hold the doctrine otherwise. Mitchell v. Westervelt, 6 How. Prac. 265, affirmed Id. 311, note; Dewey v. Stewart, Id. 465; Keil v. Rice, 24 How. Prac. 228. Noticing a cause for trial is a necessary preliminary step, and this step must be taken by each of the parties desiring to bring the case on for trial at the circuit. That item of costs was earned when the case was first noticed for trial at the June term in 1893. No additional right accrued to this item of costs after that time, down to the time of the trial of the cause at the circuit. And, had that item been objected to, this court would be inclined to strike it out, for the reason that the rights of the parties have not been changed since that item of costs accrued. The words "after notice of trial" must

be construed to mean "from and after notice of trial"; excluding that item, and commencing with the first step thereafter taken,—the first costs thereafter accruing,—being the costs of the trial. O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407; Fealy v. Bull, 71 Hun, 402, 24 N. Y. Supp. 988; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502. The same position must be adhered to with reference to the term fees of June and October, 1893, and those items must be stricken out. Sewell v. Lathrop, 67 Hun, 651, 23 N. Y. Supp. 1154, and cases there cited. The case of Young v. Stone, supra, seems to have left the question still in doubt. The costs of the motion of January 31, 1895, were determined by the order therein entered; and they became, in effect, collectible, by virtue of that order, and may be enforced under it. Hazard v. Wilson, 3 Abb. N. C. 50; Lyons v. Murat, 54 How. Prac. 23. Section 779, Code Civ. Proc., stays all proceedings on the part of the defendant until those costs are paid, unless waived by the plaintiff. The item of $10 for making and serving amendments to the case must be allowed. Hossley v. Colerick, 3 How. Prac. (N. S.) 169. The item of $20, before argument. and the item of $40, for argument, for a new trial on a case and exceptions, are fairly within the purview of the order, and must be allowed, upon the theory that the plaintiff cannot be placed in the same position as that which he occupied at the trial, without the payment of these items. The motion for a new trial was not heard upon the minutes, but upon a case and exceptions ordered to be made, served, and settled, and those costs are the same as the costs of the general term. Selover v. Wisner, 37 How. Prac. 176; Stitt v. Rowley, Id. 179; Rousso v. Vontrin, 41 How. Prac. 8; Pilgrim v. Donnelly, 1 How. Prac. (N. S.) 281; Hossley v. Colerick, 3 How. Prac. (N. S.) 169; Code Civ. Proc. § 3251, subds. 3, 4. The items of cost upon appeal to the general term from the judgment cannot be allowed. They are already fixed by the judgment not appealed from, and an action is pending to enforce them. The same view must be taken of the item of $10 on the motion to strike the cause from the general term calendar. Since an action is pending and undetermined for the collection of these items of costs, together with the disbursements of the general term, all of the items connected with or growing out of that appeal must be stricken from the bill of costs herein, and disallowed by the clerk, upon a new taxation.

If I am correct in the conclusions at which I have arrived, a new taxation must be had. An order to that effect is granted, directing the clerk of Otsego county to tax the items appealed from, by each of the parties, in accordance with this opinion, without motion costs herein.