supplementary to execution, and an order appointing a receiver, defendant appeals.     Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

M. Linn Bruce, for appellant.

Russel Headley, for respondents.

CULLEN, J. The affidavit on which the order for the examination of the third party in proceedings supplementary to execution was granted was fatally defective, in failing to state the residence of the judgment debtor at the time of the institution of the proceeding, as required by section 2458 of the Code of Civil Procedure. On this question the cases of Schenck v. Irwin, 60 Hun, 361, 15 N. Y. Supp. 55, and Franey v. Smith, 88 Hun, 215, 34 N. Y. Supp. 780, are decisive authorities. The rule under the old Code was to the contrary, but Mr. Throop's note to section 2458 shows that it was intended to change that rule. The cases cited by the respondents, which arose under the old Code, are therefore not in point.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, all to be applied on plaintiff's judgment. All concur.

---

(30 App. Div. 520.)

### LUDEMAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

NEW TRIAL—VERDICT AGAINST EVIDENCE.

     The fact that the determination of an action involves the question of credibility, and so compels the submission of the case to the jury, does not deprive the trial justice of his right, or limit his duty, to set aside the verdict in a proper case upon any of the grounds authorized by Code Civ. Proc. § 999.

Appeal from trial term.

Action by Amelia Ludeman against the Third Avenue Railroad Company. From an order setting aside a verdict, plaintiff appeals. Affirmed.

Argued before BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

C. Lexow, for appellant.

N. Ottinger, for respondent.

PATTERSON, J. By the order appealed from in this cause the verdict of a jury in favor of the plaintiff was set aside by the trial judge, and a new trial ordered, on the ground that such verdict was against the weight of evidence. The action was brought to recover damages sustained by the next of kin of William H. Ludeman, it being charged that his death occurred through the negligence of the defendant. The record discloses that the principal question of fact involved related to the one circumstance of the car from which the plaintiff's intestate stepped, or was thrown, having come to a stop when he attempted to alight, or being still in motion when he made

that attempt. There were two witnesses called for the plaintiff, who testified, in substance, that the car had come to a stop; and in the deposition of Ludeman, taken in another action, while he was in the hospital, he swore that the car had stopped when he made the effort to get off, and that it was started with a sudden jerk while he still had one foot on the step of the car and one hand on the railing. The evidence offered on the part of the defendant of several witnesses was to the point that the car did not stop, and that the plaintiff's intestate, in his haste, jumped from it while it was in motion, and sustained the injuries by reason of his own imprudence. In addition to that, there is direct testimony that immediately after the accident occurred the plaintiff's intestate declared that it was caused by his own fault. Great importance is not to be attached to statements made in answer to questions immediately following such an occurrence as happened in this case, when from pain and shock and confusion of mind a sufferer can scarcely be held responsible for all he says; but it also appears in the record that three days after the accident, and again many weeks after it, the plaintiff's intestate declared, according to the testimony of a witness altogether unimpeached, that the accident was caused by his own fault. The great preponderance of testimony, so far as the number of witnesses is concerned, was with the defendant on the trial, but that, of course, cannot determine the question of credibility nor fix the value of evidence. The justice presiding at the trial was compelled to submit the question of credibility to the jury. He could not dispose of it as matter of law. Williams v. Railroad Co. (N. Y. App.; March 1, 1898) 49 N. E. 672. But by submitting it to the jury he did not lose control over the verdict, nor become deprived of his right, nor limited in his duty, to set aside that verdict upon any of the grounds authorized by section 999 of the Code of Civil Procedure, if such a course became necessary. There is no inconsistency in setting aside a verdict as against evidence even where the case has been necessarily submitted on the facts to the jury. A motion for nonsuit involves the consideration by the court only of the question of law whether, upon all the facts, one party or the other is entitled to a judgment. That is a pure question of law. On a motion for a new trial the judge is compelled to pass upon the facts.

Upon a close examination of the whole record, no one can dispute that the case was one to go to the jury, and yet the conviction cannot be escaped that the verdict was the product of something else than the force of the evidence itself. That verdict evinces at least a disregard of the probative force of the evidence given by the defendant, and may be thus said to have been inspired by prejudice. As reluctant as we are to interfere with the verdict of a jury, this is one of the exceptional cases in which we agree with the trial judge that justice demands that a new trial should be had. The judge who presided at the trial, and who made the order appealed from, was not precipitate in his decision setting aside the verdict. Where, as here, a judge of great experience, who has presided at the trial of thousands of cases, takes such a motion under advisement, requires the stenographer's minutes to be written out in full for his examina-

tion, and after mature deliberation states, in effect, that in the conscientious discharge of his duty he can reach no other conclusion than that substantial justice requires a new trial, his determination is entitled to the greatest weight. The justice who made the order appealed from states in his decision that, having heard the testimony given, and seen the witnesses who gave it (with the exception of the one whose deposition was read), and having carefully noticed the manner in which it was given, he received the impression that the defendant's version of the occurrence was true, and that, having gone over the testimony after the submission of the motion for a new trial, he was convinced that the verdict of the jury was against the weight of evidence, and that the defendant overcame the plaintiff's case, not only in point of the number of witnesses but by facts and circumstances of such convincing force as to show that the probability was in favor of the defendant's theory. It is true that impressions and convictions of a judge cannot prevail against the verdict of a jury, but, when those convictions are fortified by the contents of a record such as is now before us, we cannot declare that the judge was not compelled, in furtherance of justice, to exercise the authority vested in him by the law to set aside a verdict and order a new trial, especially in a case in which there are such strong admissions coming from the injured party of his own recklessness being the real cause of his misfortune, and not the negligence of the defendant. We are satisfied that the jury did not give due consideration to the evidence on the part of the defendant, and that their judgment must have been swayed by the distressing circumstances of the case.

The order appealed from should be affirmed, with costs. All concur.