GORDON v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

STREET RAILWAY—INJURY TO PEDESTRIAN—EVIDENCE.

A verdict against a street-railway company for injury to a child 4 years old, struck by a horse car, is properly set aside as against evidence, the proof being that the car was 73 feet away when the child and her older sister were at the first rail of the track, and it being apparent that the jury failed to consider the gross improbability of the car proceeding that distance while they were walking only part of the distance across the track.

Appeal from trial term, New York county.

Action by Kate Gordon, an infant, by Mathilda Gordon, her guardian ad litem, against the Second Avenue Railroad Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Augustus C. Van Wyck, for appellant.
C. F. Brown, for respondent.

PER CURIAM. This cause, in which it was sought to recover damages for personal injuries sustained by the infant plaintiff, was submitted to the jury on the testimony of the plaintiff's witnesses alone as to the facts connected with the accident, no proof being offered by the defendant on that subject. The plaintiff had a verdict, which, on motion, was set aside as contrary to the evidence. It was shown on cross-examination of some of the plaintiff's witnesses that their statements on material matters were in conflict with what they swore to on the same matters on a former trial. The trial judge, as he was required to do (Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672), left the credibility of the witnesses to the jury, but by so doing he did not lose control of a motion to set aside the verdict (Ludeman v. Railroad Co., 30 App. Div. 522, 52 N.

Y. Supp. 310). He granted the motion because the verdict was against evidence; that is against the effect of the whole evidence. The proof was that, when the plaintiff and her sister were at the easterly track of the defendant's road, the horse car which ran them down was some 73 feet distant from them. It is quite apparent that the jury failed to consider the gross improbability of the car proceeding, even at great speed, 73 feet while the children were walking only a distance of 3 or 4 feet; that is, taking a step or two across the track. That the verdict was not the result of an impartial consideration of the evidence is manifest.

Order affirmed, with costs.