## SERWER v. SERWER.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. **NEW TRIAL—EXCEPTIONS—APPEAL BY PLAINTIFF—REVIEW.**
   On plaintiff's appeal from an order granting a new trial as against the weight of evidence, and upon all the exceptions taken by the defendant at the trial, the appellate court cannot say that the court did not properly order a new trial upon the exceptions; they not being in the record.

2. **SAME—PERJURY—DISCRETION OF COURT.**
   A trial court should set aside a verdict which, in its opinion, has been secured by perjury; and, in the absence of an abuse of discretion, the decision will not be interfered with on appeal.

3. **SAME—FINALITY OF VERDICT—TRIAL BY JURY.**
   The setting aside of an unjustifiable verdict does not impair the right of trial by jury, for it is only the verdict rendered at the close of a legally conducted trial which becomes a finality.
   Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by Rosa Serwer against Morris Serwer. From an order granting defendant's motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Abraham H. Sarasohn, for appellant.
Thomas Kelby, for respondent.

GOODRICH, P. J. We are asked to reverse an order of Mr. Justice Gaynor setting aside a verdict for the plaintiff as being against "the weight of evidence, and upon all the exceptions taken by the defendant at the trial thereof." As this appeal is taken by the plaintiff, the exceptions taken by the defendant do not appear in the record, and we are not able to say that the learned justice did not properly order a new trial upon the exceptions. We are therefore called to examine the record in order to say whether there was a sound exercise of discretion by the court in setting aside the verdict as against the weight of evidence. In Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752, it was said that, while the granting or refusing a new trial upon the minutes of the court is a matter which rests almost entirely in the discretion of the trial justice, yet the discretionary power should always be exercised with great caution. Nevertheless the power is one which, as was guardedly said in Young v. Stone, 77 Hun, 395, 398, 28 N. Y. Supp. 883, "ought perhaps to be more often exercised by trial courts for the proper protection of the rights and interests of litigants," and one which, in the nature of things, cannot be controlled in its exercise by any very definite rules. In Barrett v. Railroad Co., 45 N. Y. 628, 632, the court said:

"Motions to set aside verdicts as contrary to evidence * * * are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done; the court having in view solely the attainment of that end."

When a verdict has been set aside by the trial court, in the exercise of its discretionary power, as against the weight of evidence, its determination ought not to be reversed by an appellate tribunal unless it is made to appear beyond all cavil that great injustice has been done to the defeated party, or unless there has been an abuse of discretion. Bannon v. McGrane, 45 N. Y. Super. Ct. 517; Slater v. Drescher, 72 Hun, 425, 25 N. Y. Supp. 153. One of the reasons for this rule is undoubtedly to be found in the fact that the trial justice, like the jury, has opportunity of observing the appearance of witnesses, and their manner of giving testimony,—an advantage not given to an appellate court, which has before it only the cold and unimpassioned record of language, without the living presence of the speaker. See, also, Lyons v. Connor, 53 App. Div. 475, 65 N. Y. Supp. 1085.

In Bright v. Eynon, 1 Burrows, 390, 395, Lord Mansfield said that:

"The rule laid down by Lord Parker in the case of Reg. v. Helston, 10 Mod. 202, seems to be the best general rule that can be laid down on this subject; viz., 'doing justice to the party,' or, in other words, 'attaining the justice of the case.'"

The reasons for granting a new trial must be collected from the whole evidence, and from the nature of the case, considered under all its circumstances. The trial justice, in the exercise of his sound discretion, is not confined to a mere numerical balancing of witnesses, or to the contradictions existing between the witnesses on the one side and the other. He may call his senses to the aid of his judg-

ment, in passing upon the weight of evidence, and is not bound to decide according to words used upon the witness stand. Weight of evidence is not to be adjudged by the language of witnesses alone. It shocks the sense of legal morality to argue that if a trial justice is convinced from his observation of the witnesses, and from the atmosphere of the trial, that a case has been presented and a verdict secured by perjured testimony, he is bound to receive and approve the verdict, and may not set it aside. Such a rule would make the judge a consenting party to a fraud upon the administration of the law. There is no doubt that a trial justice not only has, but is bound to exercise, the power of setting aside a verdict which, in his opinion, has been secured by perjury. It is manifest from the opinion of the learned justice that he believed that the verdict in this case was obtained by perjury, and refused to sanction it. Reversing his order would mean that we disapproved his refusal to sanction a verdict which in his opinion was thus founded, or that we do not agree with his conclusion on that subject; and here we should be deciding the question without the benefit of his opportunities of seeing the witnesses. After careful examination of the evidence, which we do not deem it necessary to state, we are convinced, notwithstanding the intemperate language used in the brief of the plaintiff's counsel, that the learned trial justice properly exercised his discretionary power in setting aside the verdict as against the weight of evidence, which discretion necessarily has been affected by his observation of the demeanor of witnesses, and their manner of giving testimony. It is also well to remember that there is some misconception as to the finality of the verdict of a jury. It does not follow, because a verdict is set aside, that a party is thereby deprived of his lawful right to trial by jury. It is only the verdict of a jury rendered at the close of a legally conducted trial which becomes a finality. An order setting aside an unjustifiable verdict does not impair this right to trial by jury. It is the ultimate right of a jury trial which the law secures to a litigant. That right still exists in the case at bar, and the order, in effect, so adjudges. In McDonald v. Railway Co., 167 N. Y. 66, 70, 60 N. E. 283, 52 L. R. A. 437, the court said:

"If a court of review, having power to examine the facts, is dissatisfied with a verdict because against the weight or preponderance of evidence, it may be set aside; but a new trial must be granted before another jury, so that the issue of fact may be ultimately determined by the tribunal to which those questions are confided."

For these reasons, the order should be affirmed.

Order affirmed, with costs. All concur, except WOODWARD, J., dissenting, and BARTLETT, J., taking no part.