(69 App. Div. 22.)

SILVERMAN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department.   February 7, 1902.)

1. NEW TRIAL—EVIDENCE—SUFFICIENCY.

The discretion of the trial court in setting aside a verdict for plaintiff, as being against the weight of evidence, will not be disturbed on appeal, when no abuse of discretion is shown, even though the preponderance of the evidence against the verdict is not so apparent that the appellate court would set aside the judgment.

2. SAME—COSTS.

Where a verdict for plaintiff is set aside as against the weight of the evidence, it is error to direct that the costs shall abide the event, but they should be taxed to defendant.

Appeal from trial term, New York county.

Action by Max Silverman against the Dry Dock, East Broadway & Battery Railroad Company.   From an order setting aside a verdict in favor of plaintiff and granting a new trial, the plaintiff appeals.   Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Alexander Rosenthal, for appellant.

Henry L. Scheuerman, for respondent.

PER CURIAM.   This is an action for damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant.   The plaintiff was a passenger upon one of the defendant's cars, and received the injuries while alighting therefrom. The issue in the case was whether plaintiff attempted to alight while the car was in motion, or whether the car was suddenly started while he was so engaged.   The case was sent to the jury under proper instructions, and a verdict for plaintiff was rendered.   A motion was then made to set aside the same as against the weight of evidence, which motion was granted, and it is from this order entered thereon that an appeal is taken to this court.

There was a conflict of evidence in the case, and the court was justified in submitting the questions involved to the jury.   The testimony of the defendant was in direct contradiction of that of the plaintiff, and, while it may be that there was not that preponderance of evidence which would justify an appellate tribunal in setting aside the verdict in the first instance, nevertheless it will not disturb the discretion of the trial court in so doing, unless an abuse of that discretion appears.   The opportunity of the trial court to see and hear the witnesses gives to it such a peculiar advantage over an appellate court that it will give great, if not conclusive, weight to its action. Suhrada v. Railroad Co., 14 App. Div. 361, 43 N. Y. Supp. 904. This consideration, coupled with the fact that no substantial right has been violated and that no abuse of discretion appears, lead to an affirmance of the order setting aside the verdict as against the weight of evidence.

The order, however, is erroneous, in that the payment of costs of the trial should have been imposed upon the defendant.   The order should therefore be modified by striking out the words, "with costs

to abide event," and inserting the words, "upon payment of plaintiff's costs and disbursements of the trial," and as modified affirmed, without costs of this appeal to either party.