LYNCH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. NEW TRIAL—POWER TO GRANT—DISCRETION OF TRIAL COURT—REVIEW ON APPEAL.

The power to set aside a verdict on the ground that it is against the weight of the evidence, and to grant a new trial, rests in the sound discretion of the trial court, and its determination will not be reversed on appeal unless an abuse of discretion clearly appears.

Appeal from City Court of New York, Special Term.

Action by Michael Lynch against the Metropolitan Street Railway Company. From an order granting a new trial after setting aside a verdict for defendant, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

F. Angelo Gaynor and Bayard H. Ames, for appellant.
Louis Steckler, for respondent.

BLANCHARD, J. This action was brought to recover damages for personal injuries received by the plaintiff through the alleged negligence of the defendant's servants. The defendant denied such negligence, and alleged that whatever injuries and damages were sustained by the plaintiff were sustained through his own negligence.

The issues came on for trial before a court and jury, and the jury rendered a verdict for the defendant. This verdict the trial court set aside and granted a new trial, and from the order granting a new trial this appeal is taken.

The order granting the motion states that it was granted on the ground that the verdict was against the weight of evidence, and upon the exceptions taken upon the trial by the plaintiff, and because the verdict was contrary to law. We have read the record of the trial with great care, and we cannot say that the trial court erred in setting aside the verdict and granting a new trial. The power to do so rested in the sound discretion of the trial court, and an appellate court will not reverse its determination unless it clearly appears that the trial court has abused the discretionary power vested in it. Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752; Barrett v. Third Ave. R. Co., 45 N. Y. 628. In the latter case the court said at page 632:

"Motions to set aside verdicts as contrary to evidence * * * are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case."

In Serwer v. Serwer, 71 App. Div. 415, 416, 75 N. Y. Supp. 842, the learned court says:

"When a verdict has been set aside by the trial court, in the exercise of its discretionary power, as against the weight of evidence, its determination ought not to be reversed by an appellate tribunal unless it is made to appear beyond all cavil that great injustice has been done to the defeated party, or unless there has been an abuse of discretion."

In the case of Silverman v. Dry Dock, E. B. & Bowery Railway Co., 69 App. Div. 22, 23, 74 N. Y. Supp. 481, the court, in refusing to reverse the action of the trial court in setting the verdict aside, says:

"While it may be that there was not that preponderance of' evidence which would justify an appellate tribunal in setting aside the verdict in the first instance, nevertheless it will not disturb the discretion of the trial court in doing so unless an abuse of that discretion appears."

We do not discuss the other points raised upon the appeal, nor do we think it necessary to do so. As we do not think the trial court abused or exceeded the discretion reposed in it, the order appealed from should be affirmed, with costs.

Order affirmed, with costs and disbursements. All concur.