JOHN NEWBOUND, Appellant, *v.* THE INTERURBAN STREET RAILWAY CO., Respondent.

(Supreme Court, Appellate Term, January, 1904.)

Municipal Court of the city of New York — Grounds for a new trial.

> *Semble,* that under L. 1902, ch. 580, § 254, an act relative to the Municipal Court of the city of New York, that court has power to set aside a verdict and grant a new trial, in an action, on the ground that the verdict is against the weight of evidence.

APPEAL from an order made by the trial judge in the Municipal Court of the city of New York, eighth district, borough of Manhattan, setting aside the verdict of a jury in favor of the plaintiff.

James A. Allen, for appellant.

Henry A. Robinson (William E. Weaver, of counsel), for respondent.

FREEDMAN, P. J.   After the jury had rendered their verdict in this case the defendant's counsel moved to set aside the verdict " as contrary to law and contrary to the evidence, and as excessive damages and on all the grounds set forth in section 999 of the Code."

The order appealed from after reciting that " the justice presiding at the trial aforesaid immediately after the rendi-

tion of the said verdict having entertained a motion made on his minutes on behalf of the defendant to set aside the said verdict, and for a new trial to be granted upon the exceptions taken on behalf of defendant at the trial, and because the verdict is contrary to the evidence, and contrary to law and is for excessive damages," further says " ordered that said motion is granted." The criticism made by the appellant herein that the motion was made and the order granted upon the ground that the verdict was against the " weight of evidence " and that such ground is not among those mentioned in section 254 of the Municipal Court Act (L. 1902, ch. 580), and that, therefore, the court had no authority to grant such motion, is not well taken. It is true that in a short memorandum made by the trial judge in which he cites several authorities he says, " The verdict is set aside as against the weight of evidence," but this memorandum is strictly speaking no part of the record, and as we have seen the motion was made upon one or more of the grounds specified by said section of the Municipal Court Act, and the order so recites. But independently of the foregoing considerations it is well to notice that the grounds specified in section 254 of the Municipal Court Act are identical with the grounds specified in section 999 of the Code of Civil Procedure, and that under the last named section it has been held in quite a number of cases that it includes the power to grant a new trial on the ground that the verdict is against the weight of evidence. Clark v. Merchants' Nat. Bank, 8 Daly, 481; Cheney v. N. Y. C. & H. R. R. R. Co., 16 Hun, 415; Dunning v. Bowe, 16 Wkly. Dig. 119; Ferguson v. Gill, 74 Hun, 566; Young v. Stone, 77 id. 395; Ludeman v. Third Ave. R. R. Co., 30 App. Div. 522; Silverman v. Dry Dock, E. B. & B. R. R. Co., 69 id. 22.

The order should be affirmed, with costs.

GILDERSLEEVE and GREENBAUM, JJ., concur.

Order affirmed, with costs.