### NEWBOUND v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. January 19, 1904.)

**1. NEW TRIAL—GROUNDS—MUNICIPAL COURT ACT.**

> An order setting aside a verdict, after reciting a motion on behalf of defendant for such relief, on exceptions taken at the trial and on the ground that the verdict was contrary to the evidence, contrary to law, and for excessive damages, stated the granting of the motion, and the judge in a memorandum, after citing authorities, said that the verdict was set aside as against the weight of the evidence. *Held* that, although the memorandum stated as the reason of the court's action a ground not expressly specified in Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, enumerating the grounds for such relief, yet the memorandum was no part of the record, and the order itself recited causes for the vacation of a verdict expressly enumerated in such section.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John Newbound against the Interurban Street Railway Company. From an order setting aside a verdict for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

James A. Allen, for appellant.

Henry A. Robinson (William E. Weaver, of counsel), for respondent.

FREEDMAN, P. J. After the jury had rendered their verdict in this case, the defendant's counsel moved to set aside the verdict "as contrary to law and contrary to the evidence, and as excessive damages and on the grounds set forth in section 999 of the Code. The order appealed from, after reciting that the justice presiding at the trial aforesaid immediately after the rendition of the said verdict having entertained a motion made on his minutes on behalf of the defendant to set aside the said verdict, and for a new trial to be granted upon the exceptions taken on behalf of the defendant at the trial and because the verdict is contrary to the evidence and contrary to law, and is for excessive damages, further says, "Ordered that said motion is granted." The criticism made by the appellant herein that the motion was made and the order granted upon the ground that the verdict was against the

"weight of evidence," and that such ground is not among those mentioned in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), and that therefore the court had no authority to grant such motion, is not well taken. It is true that in a short memorandum made by the trial judge, in which he cites several authorities, he says, "The verdict is set aside as against the weight of evidence;" but this memorandum is, strictly speaking, no part of the record, and, as we have seen, the motion was made upon one or more of the grounds specified by said section of the Municipal Court act, and the order so recites. But independently of the foregoing considerations it is well to notice that the grounds specified in section 254 of the Municipal Court act are identical with the grounds specified in section 999 of the Code of Civil Procedure, and that under the last-named section it has been held in quite a number of cases that it includes the power to grant a new trial on the ground that the verdict is against the weight of evidence. Clark v. Mech. Nat. Bk., 8 Daly, 481; Cheney v. N. Y. C. & H. R. R. R. Co., 16 Hun, 415; Dunning v. Bowe, 16 Wkly. Dig. 119; Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596; Young v. Stone, 77 Hun, 395, 28 N. Y. Supp. 881; Ludeman v. 3 Ave. R. R. Co., 30 App. Div. 522, 52 N. Y. Supp. 310; Silverman v. Dry Dock, E. B. & B. R. R. Co., 69 App. Div. 22, 74 N. Y. Supp. 481.

The order should be affirmed, with costs. All concur.