questions of negligence and of the absence of contributory negligence is not well founded. The car was distant the width of three houses, and approaching at no extraordinary rate of speed, as the plaintiff started to cross from the second track of the series of tracks, an intervening space of perhaps 10 feet. Ordinary care upon the part of the defendant's servant could readily be found to have been omitted in the failure to check the car's speed to some extent when the pedestrian's intention to cross the track became apparent; and, indeed, the intention to cross was signified when the plaintiff left the sidewalk, the car being then at a still greater distance; and the pedestrian was not negligent in merely failing to guard against the omission of ordinary care upon the part of the person in charge of the car. There is no force, therefore, in the claim that the case should have been dismissed as matter of law upon such evidence as this. McDermott v. R. R. Co., 89 App. Div. 215, 85 N. Y. Supp. 807; Lawson v. R. R. Co., 40 App. Div. 307, 57 N. Y. Supp. 997; Reed v. R. R. Co., 87 App. Div. 429, 84 N. Y. Supp. 454. No ground for reversal, therefore, is found in the points presented as to the infant's action, but the recovery in the action brought by the father involved an item of $16 for medicines, which should not have been allowed, the proof being solely that this amount was paid. Proper objection was taken to this item, and the proof was certainly insufficient to support a finding upon it. Volkmar v. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021.

Judgment in action of James Polacci affirmed, with costs.

In action brought by Joseph Polacci, judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless respondent stipulates to reduce recovery by the sum of $16, in which event the judgment will be affirmed, without costs.

All concur.

———

(45 Misc. 407)

SURKIN v. NEW YORK CITY RY. CO. (two cases).

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—NEGLIGENCE—SETTING ASIDE VERDICT—TRIAL COURT'S DISCRETION.

Where, in an action against a street railroad for injuries sustained through the alleged negligence of defendant's servants in starting a car while plaintiff was attempting to board it, it did not appear that the car came to a stop under circumstances that would necessarily suggest that plaintiff intended to board it, and, while plaintiff understood English imperfectly, some of her statements were inconsistent, it was no abuse of discretion to set aside a verdict in her favor.

Appeals from Municipal Court, Borough of Manhattan, Eighth District.

Actions by Rebecca Surkin and Charles Surkin against the New York City Railway Company. From an order in the first action setting aside a verdict in favor of plaintiff and ordering a new trial, plaintiff appeals, and from a judgment for defendant in second action plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Thomas J. O'Neill, for appellants.
Henry W. Goddard and William E. Weaver, for respondent.

BISCHOFF, J.   The action brought by Rebecca Surkin is for damages for personal injuries claimed to have been sustained through the negligence of the defendant in causing one of its cars to start while she, an intending passenger, was attempting to board it.   The cause was submitted to a jury upon the evidence produced by the plaintiff, no evidence having been offered for the defendant, and the justice set aside the verdict.   The action brought by Charles Surkin is for consequential damages arising from the injury to his wife, Rebecca, through the same accident.   The latter action was tried, by stipulation, upon the same evidence, and submitted to the justice for his decision without a jury; the submission having resulted in the justice's conclusion in favor of the defendant.

The evidence given by the plaintiff consisted of her testimony and the testimony of her witness Miss Mandel, who was with her at the time she attempted to board the car.   According to the plaintiff, the accident appears to have happened on the uptown side of Thirtieth street and Eighth avenue, while Miss Mandel places the occurrence at the downtown side, and there is no proof that any signal was given by either of these persons to the defendant's servants upon the car, or that the car came to a standstill under any circumstances such as would necessarily suggest to the defendant's employés that the plaintiff intended to take passage.   The credibility of the plaintiff was also affected by the inconsistency between her statement that she was in bed for two weeks after the accident and her assertion that she had signed the complaint nine days after the accident at her lawyer's office; and while the unsatisfactory character of her testimony might, in part, have been explained by her imperfect understanding of English, her demeanor upon the stand afforded a valuable criterion as to whether or not this was a sufficient explanation.   With the record in this condition, we cannot hold that there was an abuse of discretion in the justice's ruling that the verdict was against the weight of the evidence, and his peculiar advantages in observing the witnesses upon the stand should be given great weight upon a review of his exercise of discretion in ordering a new trial.   Silverman v. R. R. Co., 69 App. Div. 22, 74 N. Y. Supp. 481.

In the action brought by Charles Surkin, which resulted in a judgment for the defendant upon this evidence, it cannot be held that the justice's conclusion was against the weight of the evidence, since, in a view of the proof which the justice was quite authorized to adopt, there was no satisfactory exposition of the fact that the defendant was negligent in causing the car to start while the plaintiff was boarding it; notice of her intention to become a passenger at this point not being brought home to the defendant either directly or as matter of necessary inference.

The order and judgment appealed from should, therefore, be respectively affirmed, with costs.   All concur.